**STATE ex rel. LEDBETTER, Sheriff, v. PITTS, Co. Treas.**

No. 17041. Opinion Filed Jan. 17, 1928.

Rehearing Denied June 4, 1929.

</div>

W. R. Zachry and Wipperman & Wipperman, for plaintiff in error.

Leahy & Brewster and Stone, Moon & Stewart, for defendant in error.

HALL, C. The one question necessary to a determination of this controversy here for review is the constitutionality of chapter 36, Session Laws of Oklahoma, 1925.

An incidental question relates to a motion to dismiss the appeal, upon the ground that the question has become moot. In support of the motion to dismiss, defendant in error relies on a statement in the brief of plaintiff in error wherein it is stated that the defendant in error is proceeding to do the thing which plaintiff in error, through this proceeding, is seeking by mandamus to compel the county treasurer to do or perform.

We do not understand from the statement in the brief, or the stipulations in the case-made, that the defendant in error has done all things necessary to render this litigation moot or academic only. Therefore, the motion to dismiss the appeal should be, and is hereby, overruled.

The gist of the controversy is that one J. F. Ledbetter, sheriff of Muskogee county, who is plaintiff in error in this cause, brought this action in mandamus against Bert Pitts, the county treasurer of Muskogee county, to compel the said treasurer to deliver to him alias tax warrants for delinquent personal taxes. The county treasurer refused, and answered or responded, in a lengthy pleading that the Legislature of this state, in 1925, in amending a certain section of the Compiled Statutes 1921, to wit, section 9727 (sec. 9727, Harlow's Supp. 1927) thereof, created, by means of a proviso, an office or substitute for an office to function both as county treasurer and sheriff, in relation to alias tax warrants. In other words, that the amendment in this connection gave authority to the board of county commissioners to appoint a "competent person" for a period of two years, and that:

"Said person shall have, for the purpose of collecting delinquent personal taxes, the same authority as the county treasurer, to issue alias tax warrants and shall have the same authority as the sheriff to serve, levy and collect payment of such alias tax war-

rants, interest, penalty and costs." (Emphasis ours.)

And that the county commissioners of Muskogee county had duly appointed a competent person to perform this dual service of issuing alias tax warrants to himself, and then executing and serving them; and that this person was proceeding in the discharge of his duty, pursuant to this statute, and that the county treasurer, in view of the proceedings, creating and putting into operation this extraordinary office, refused to exercise a discretion to issue alias tax warrants.

Stipulations were entered into substantially conforming to the pleadings of both parties, as we have briefly stated in the foregoing paragraphs.

The amendment to said section of the statute provides certain compensation for the office and the person discharging the duties thereof; that is, for the issuance and service of the alias tax warrants, 15 per cent. of the amount of taxes recovered, provided that in no case the fee shall be over $500, with a further provision that where the collection is $20 or less, a fee of 25 per cent. thereof may be allowed as remuneration or compensation for the services.

The statute is vigorously assailed in this court upon several distinct grounds: First, it is seriously urged that the statute violates article 4 of sec. 1 of the Constitution, which divides the power of the government into three co-ordinate and independent departments, contending that the authority to issue tax warrants is administrative, or in its nature quasi judicial, and to serve them is strictly an executive power, and that the same person should not assume the duties or privileges of both positions or offices at the same time.

We will not discuss to any considerable length this ground of objection to the statute, but will say that the statute is certainly an innovation in a government modeled after a pattern of a republic—state or national.

Regardless of that objection, the amendment to the statute must necessarily fall under the force of article 5 of section 57 of the Constitution, which provides in substance that the subject or object expressed in the title to an act fixes a limit upon the scope of the legislation thereunder. The title to the act involving the present case reads as follows:

"An act amending and re-enacting section 9727 of the Compiled Statutes 1921, relating

to the issuance and service of tax warrants, **providing for the employment of a person by the county commissioners to serve tax warrants.**" (Emphasis ours.)

It will be observed that the title of the act makes no mention of the creation of an additional office with powers to issue alias tax warrants. No doubt if the general statement in the title of the act, referring to the section number of the statute and stating the nature of the subject-matter of the section, could be considered alone, it would be sufficient to embrace the new legislation in the amendment; but the title was restricted by expressly and clearly designating therein the object of the purported amendment.

The new matter introduced in the title to this act commences with the word "providing," and comprises the following clause: "Providing for the employment of a person by the county commissioners to serve tax warrants." The just preceding expression or phrase, in language, to wit: "relating to the issuance and service of tax warrants," is but descriptive of the section sought to be amended, and is not an accurate description of that, because the section 9727 deals wholly with alias tax warrants. Several preceding sections deal with "tax warrants." But that has no legal bearing upon this controversy. The word "providing," as used in the title, introduces the new matter. This new matter is restrictive and clearly indicates the object of the amendment; and the rule that the clear expression of one thing is the exclusion of another applies, and the Legislature itself, having selected a restrictive title, is bound by it.

The general statement being in its nature but descriptive of the original section, the specific designation and clear expression of the purpose or object of the purported amendment, the title was thereby restricted as against the inclusion of any other distinctly new matter or object other than the one expressly enumerated, although such unexpected object may be, and is, germane to the general subject, and otherwise could have been included in and covered by the general words in the title. To make ourselves clear, if clarity is possible in discussing a subject so subtle in its nature, the Legislature under the title under consideration could have made any provision as an incident to or as a complement of the position or office of "a person to serve tax warrants," particularly alias tax warrants. But under that title it was without authority to provide differently for the issuance of tax warrants or alias tax warrants, although

the issuance of the alias tax warrants is germane to the general subject of the section sought to be amended, but is not an incident or a complement of the restricted subject—an act "providing for the appointment of a competent person to serve tax warrants." In other words, in the case of this act, Senate Bill No. 133, for instance, where the object was to amend section 9727 of the general statutes relating to the issuance and service of alias tax warrants, a manifestly sufficient and irreproachable title would have been the first clause and phrase, namely, "An act amending * * * section 9727, Compiled Oklahoma Statutes 1921, relating to the issuance and service of tax warrants." Every matter germane to the issuance and service of tax warrants would have been manifestly covered by such title, but the said general clause of the title of the act is followed by a specification which was clearly intended as a complete synopsis of the contents of the amendment, or a guide light for its destination; so that the title, as a whole, if standing by itself, might and would lead any one reading it, or hearing it read, to believe that the general subject relating to the issuance and service of alias tax warrants was to be dealt with in the body of the act clearly in the respect thus specifically mentioned.

It is a rule of universal application, that a statute will not be held unconstitutional on the ground that the object or subject is not expressed in the title unless the title is clearly insufficient. Any other view would seriously hamper legislation, and would be productive of much evil. But when the title is clearly insufficient and misleading, the transient inconvenience of striking the legislation down is incomparable with the evil which might follow the failure to observe the due notice provision of the Constitution setting forth in this connection the limitations of the Legislature in amending, repealing or enacting laws.

Much that is apposite to this case, or the particular point at issue, is stated in Cooley in his Constitutional Limitations (5th Ed.) p. 179, as follows:

"As the Legislature might make the title to an act as restrictive as they please, it is obvious that they may sometimes so frame it as to preclude many matters being included in the act which might with entire propriety have been embraced in one enactment with the matters indicated by the title, but which must now be excluded because the title has been made unnecessarily restrictive. The courts cannot enlarge the scope of the title; they are vested with no dispens-

ing power. The Constitution has made the title the conclusive index to the legislative intent as to what shall have operation. It is no answer to say that the title might have been made more comprehensive, if in fact the Legislature has not seen fit to make it so."

On the subject of the title to amendatory statutes, the eminent jurist, while Justice of the Michigan Supreme Court, in the case of People v. Mahaney, 13 Mich. 481, said:

"The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws."

The above excerpts have received sanction by many of the courts of this country, and were quoted with approval by this court in the case of Pottawatomie County v. Alexander, 68 Okla. 126, 172 Pac. 436. The rule is stated in Ruling Case Law, vol. 25, p. 862, in the following language:

"* * * If a title is narrow and restricted, carving out for treatment only a part of a general subject, the legislation under it must be confined within the same limits, even though the Legislature might, with propriety, have selected a more comprehensive title which would have embraced the entire subject of legislation." A recent case on this point is State v. Candelaria (N. M.) 215 Pac. 816.

In deciding whether an act is obnoxious to a provision like section 57 of art. 5 of our Constitution, the best test to apply is whether it is within the evil or mischief intended to be remedied by the Constitution. Johnston v. Harrison, 47 Minn. 575, 50 N. W. 923, 28 A. S. R. 382. See, also, the following cases from this court: Holcomb v. C., R. I. & P. Ry. Co., 27 Okla. 667, 112 Pac. 1023; In re Hickman, 63 Okla. 14, 162 Pac. 176.

It is, of course, elementary that a statute may be constitutional in one part and unconstitutional in another part, and, therefore, that portion of the statute which is constitutional may be upheld, while the invalid portion is stricken down; but this can be done only when the valid and invalid provisions are separable and the valid portions, after the invalid portions are stricken out and rejected, are sufficient to be operative and accomplish their proper purposes, and that legal effect can be given it when it is standing alone. Comanche Light & Power Co. v. Nix, 53 Okla. 220, 156 Pac. 293;

Dorchy v. Kansas, 264 P. S. 286, 44 S. Ct. 323, 68 L. Ed. 686.

When that test is applied to the statute here under consideration, the entire purported amendment must fall. It will be observed that the Legislature provided certain compensation or remuneration, which we presume was intended as compensation for both issuing tax warrants and for serving these tax warrants. And having decided that the Legislature was clearly without authority in this instance, or in this particular act, to vest in this officer designated as a "competent person" authority to issue the alias tax warrants, we cannot say what proportion of the compensation the Legislature intended that this person should receive for issuing the alias tax warrants, and what proportion it intended for serving and collecting same, or the taxes which the warrants represent. The courts cannot read that into the law; and to say that the person serving alias tax warrants should be entitled to the whole amount fixed by the Legislature, as compensation for issuing the alias tax warrants and serving the alias tax warrants, would be invading the field of legislation, and for this reason the remaining portion of the amendment cannot stand alone as an independent provision.

For the reasons herein stated, the judgment is hereby reversed, with directions to the lower court to issue the peremptory writ of mandamus.

TEEHEE, REID, DIFFENDAFFER, and LEACH, Commissioners, concur.

HERR, Commissioner, dissents.

By the Court: It is so ordered.

Note.—See under (1) 36 Cyc. p. 1018; 25 R. C. L. p. 848; 3 R. C. L. Supp. p. 1431; 4 R. C. L. Supp. p. 1605; 5 R. C. L. Supp. 1349; 6 R. C. L. Supp. p. 1487; (2) 36 Cyc. p. 1044; (3) 38 C. J. p. 783, §431 Anno.