**LATTIMORE, Co. Atty., v. VERNOR, Dist. Judge.**

No. 21139. Opinion Filed March 8, 1930.

S. H. Lattimore, in pro. per.

Enloe V. Vernor, Archibald Bonds, and Fred W. Martin, in pro. per.

SWINDALL, J. This is an original proceeding brought in this court by the county attorney of Muskogee county, against Enloe V. Vernor, district judge of the Third Judicial District of the state of Oklahoma, Archibald Bonds, and Fred W. Martin, for writ of prohibition. The county attorney, as petitioner, seeks a writ of prohibition against the respondents and for said writ alleges that on the 10th day of February, 1930, a petition was filed in the district court of Muskogee county for the convening of a grand jury for general investigation purposes, and that respondent, district judge, thereupon ordered such a grand jury. That one of the respondents, as district judge, has by order undertaken to disqualify the petitioner, as county attorney of Muskogee county, and his legally appointed deputies for all purposes connected with the proceedings of said grand jury, and that respondent, Enloe V. Vernon, as district judge, has further repudiated and refused publicly and by letter the assistance of services of the Attorney General of the state of Oklahoma, in connection with said grand jury, but, on the other hand, it is alleged that said district judge has undertaken to control investigations and proceedings of said grand jury by the appointment of attorneys selected by himself to perform the duties vested and imposed upon the legally elected and qualified county attorney of Muskogee county (as well as upon the Attorney General in proper cases), and that in pursuance of said design, without cause or hearing, the said district judge has purported to order the disqualification of S. H. Lattimore, county attorney, and his deputies in all matters aforesaid, and has purported to appoint Archibald Bonds and Fred W. Martin to assume and exercise all powers as public prosecutors and take entire charge of all said proceedings before said grand jury. A copy of the order so made is attached to the petition of respondent, and omitting formal parts, is as follows:

"Now, on this the 27th day of February, 1930, it being made to appear to the court that a grand jury has been called to be empaneled in and for Muskogee county on March 10, 1930, which, among other things, it will be charged to engage in a full and complete investigation of all county offices and governmental affairs of Muskogee county, including the offices of county commissioners and county attorney and their official acts, with the intention and for the purpose of determining the conduct of said offices by the present incumbents thereof and to ascertain whether or not any such officials have been guilty of any offense, either of omission or commission, violating the laws of the state of Oklahoma, or neglect of duty, misconduct or incompetency in office, sufficient to warrant removal.

"The court is of the opinion, and finds, that the county attorney, S. H. Lattimore, and deputies are, and will be throughout said investigation, disqualified to act in their capacities, as county attorney and deputies, respectively, before said grand jury, by reason of personal interest and connection with matters subject of inquiry and investigation, and that it is necessary for this court to exercise its power and authority by the appointment of a suitable person or persons, for all purposes, to perform the duties of

county attorney before said grand jury during its deliberations.

"I, therefore, as judge of the district court in and for Muskogee county, Oklahoma, by virtue of the power and authority vested in me as such judge, do designate and appoint Archibald Bonds and Fred W. Martin as county attorney and deputy, respectively, members of the bar in good standing of said Muskogee county, state of Oklahoma, who in the opinion of this court are suitable persons to take entire charge of said grand jury as special county attorney and deputy, to have any and all powers to appear and perform all duties of the county attorney and deputy, in so far as the law makes it the duty of the county attorney and deputies to wait upon, advise, and assist said grand jury in its duties. The said Archibald Bonds and Fred W. Martin to qualify by taking the oath of office as required by law.

"Done in open court this the 27th day of February, 1930."

Prayer is made that such exercise of such arbitrary power is unauthorized and void; that there is no adequate remedy save by prohibition and that irreparable injury will ensue in this, to wit: That accusations and indictments that may be presented by said grand jury may be invalidated and the purposes of the calling of such grand jury thwarted.

To this petition the district judge has filed his response, in which he says that "he is not bound to disclose his reasons in the premises." He says, however, that he "denies every material allegation contained in plaintiff's petition except as may hereinafter be admitted." He admits that: (1) Lattimore is the county attorney of Muskogee county; (2) that a petition was filed on the 10th day of February, 1930, in the district court of Muskogee county, signed by more than 100 taxpayers requesting the district court to call a grand jury for general investigations as authorized by the Constitution and laws of the state; (3) that he as district judge called said grand jury; (4) that the grand jury has general powers to investigate. He, as district judge, denies that he acted "capriciously and arbitrarily and without just cause or a hearing to disqualify the petitioner as county attorney and his legally appointed deputies for all purposes connected with the proceedings of said grand jury." The respondent, "affirmatively states that he has refused publicly and by letter the assistance of the Attorney General of the state of Oklahoma, but denies that he has undertaken capriciously and arbitrarily to control said investigation and

proceedings of the said grand jury by appointment of attorneys selected by himself."

Respondent judge admits the order of February 27, 1930, entered upon the minutes and records appointing Archibald Bonds as a substitute for the county attorney and Fred W. Martin as assistant. He admits a letter written the Attorney General dated February 14, 1930, exhibited by him, and a reply thereto by the Attorney General. He says:

"It was not his intention in making said order to disqualify the petitioner as county attorney in Muskogee county generally, but to disqualify him and appoint a substitute therefor in so far as it related to the acts and conduct of the county attorney and the board of county commissioners, which matters might be the subject of investigation by the grand jury so called, and that if said orders may be construed otherwise, it may be amended and qualified to the extent herein stated (that is, to disqualify said county attorney), to investigate the acts and conduct of the county attorney and county commissioners and their relations with each other, including conduct of governmental affairs of Muskogee county generally."

Section 5745, C. O. S. 1921, provides that:

"The district court, whenever there shall be no county attorney for the county, or when the county attorney shall be absent from the court, or unable to attend to his duties, or disqualified to act, may appoint, by an order to be entered in the minutes of the court, some suitable person to perform for the time being the duties required by law to be performed by the county attorney, and the person so appointed shall thereupon be vested with all the powers of such county attorney for that purpose. Such attorney shall be paid a reasonable compensation for his services by the county for which he is so appointed."

This section of the statute is the same as section 1170 of Laws of 1890, and 1558, Revised Laws of 1910, with the exception that the codifiers of the Revised Laws of 1910 inserted in the section this clause: "or disqualified to act." The original section was construed by the territorial Supreme Court in Mahaffey v. Territory, 11 Okla. 213, 66 Pac. 342, wherein the court said:

"The district courts of this territory have the power to appoint a suitable person to perform, for the time being, the duties required by law to be performed by the county attorney upon the following conditions, and no other: (1) When the office of county attorney is vacated; (2) when the county attorney is absent from the court; (3) when the county attorney is unable to attend to the duties of his office."

Since the codifiers inserted in said section the words, "or disqualified to act," we should add to the three preceding grounds for which the district court of the state has power to appoint a suitable person to perform, for the time being, the duties required by law to be performed by the county attorney, the fourth ground—"When the county attorney is disqualified to act." Had the section above quoted not been amended, we are of the opinion that if a county attorney was disqualified to act in any particular case or in any particular matter that might come before a grand jury, then the district court would have the inherent power to appoint some suitable attorney to take charge of such case, or matter pending before the grand jury. Hyde v. Territory, 8 Okla. 69, 56 Pac. 851 "Disqualification," as used with reference to the disqualification of a county attorney, in its ordinary signification, means some interest in the subject-matter or a relationship to the parties in interest. The disqualification or inability, however, may result from physical causes as well as from interest or relationship. We are of the opinion, however, that before the district court would be warranted in making an order finding and holding that a county attorney is disqualified to act in conducting the trial of a case in court, or presenting any matter to a grand jury, a hearing should be had before such district court and evidence taken showing such disqualification. The laws of this state providing causes for removal of officers, and the grounds for removing officers, and the procedure for the removal of officers not subject to impeachment, and for the suspension of officers after accusations have been returned, and prior to the final trial of any person against whom accusations have been returned, grant the accused a right to a hearing. If the accused is to be granted a hearing after accusations have been returned, prior to the court making an order suspending him pending trial, it would certainly not be in harmony with the laws of this state to hold that a district court could suspend a county attorney from performing his official duties or any part thereof without a hearing before said district court and a judicial finding that such official was disqualified, where no accusations have been presented against such county attorney. It is also important to the orderly administration of justice that a hearing be had and testimony be preserved in the records of the court showing the court's authority for making the order of suspension, otherwise any indictment or accusations presented by the grand jury might be

quashed, as was done in the case of Mahaffey v. Territory, supra.

Section 2543, C. O. S. 1921, provides that:

"The grand jury may at all reasonable times ask the advice of the court or of the county attorney. The county attorney may at all times appear before the grand jury for the purpose of giving information or advice relative to any matter cognizable before them and may interrogate witnesses before them whenever he thinks it necessary; but no other person is permitted to be present during their sessions except the members and a witness actually under examination, and no person whosoever must be permitted to be present during the expression of their opinions of the giving of their votes upon any matter before them."

So, if the district court should make an order appointing a special or substituted county attorney to appear before the grand jury and advise the grand jury relative to matters cognizable before that body, or be present during the sessions of the grand jury, and an indictment or indictments charging some person or persons with a public offense or accusations should be returned and presented against some officer not subject to impeachment, and in the manner and form prescribed by the statute, and a motion to quash such an indictment or accusation was presented to the court, in which motion it was charged that the person appointed special or substituted county attorney has appeared before the grand jury for the purpose of giving it information or advice, and did give information or advice to the grand jury, or was present during the sessions of said grand jury, and it should further be made to appear that the order appointing said special or substituted county attorney was made without any hearing, and without any evidence being taken and arbitrarily by the district court, it would necessarily follow that such person so appointed had no right or authority to be present during the sessions of the grand jury, and had no right to give said grand jury information or advice; and for these reasons and many others that we might state, it is highly important that the district courts in entering orders disqualifying county attorneys should do so cautiously and with the same consideration that the court would use in acting upon other grave and important affairs presented to the court, and that the mind of the district judge should be free of any bias or prejudice, so that the acts of the court may be fair and impartial, and if the district judge is in possession of facts which would make him an accuser, he should then disqualify as judge and let some

judge act who does not have a knowledge of the facts.

As said by the Supreme Court of the Territory in the case of Mahaffey v. Territory, supra:

"But it is contended by the Attorney General, on behalf of the territory, that the ends of justice may often be defeated if such a power is not given to the district courts of this territory. We do not think that this contention is well taken. Our statute confers the power on the county attorney to appoint such deputy, or deputies, as he may deem proper to assist him in conducting the prosecution of any cause. The county attorney, having been elected by the people, and deriving his power by the people, in whose name he conducts the prosecutions, certainly should have control of the prosecution."

This court has frequently said prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction to keep inferior courts and tribunals within the limits and bounds prescribed for them by law, and its use for proper cases should be upheld and encouraged, since it is of vital importance to the due administration of justice that every tribunal vested with judicial functions should be confined to the exercise of those powers with which it has been by law intrusted.

On application for prohibition, the only inquiries are, whether the inferior court is exercising a judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it, and consequently, this court will not investigate the merits of the cause before the inferior tribunal.

We further hold that arbitrary power does not abide with the courts of Oklahoma, and when a district judge makes an unwarranted, and therefore unlawful, application of judicial power, he may, and should, be prohibited.

A county attorney is disqualified to appear before a grand jury when said grand jury is investigating the conduct of said county attorney, and the district court has authority, under section 5745, C. O. S. 1921, to declare the disqualification of the county attorney, in so far as he is disqualified, and to appoint a special or substituted county attorney to conduct such inquiry, in so far as the county attorney is disqualified, subject to a superintending control by the Supreme Court.

If a grand jury is convened in Muskogee county in accordance with the order heretofore made by the district court of that county, and in the course of its investigations the grand jury should desire to, or be instructed to, investigate the office of the county attorney, the county attorney would not be competent or qualified to appear before the grand jury during such investigation, and the district judge should, by proper order entered upon the records of the court, showing the fact that the grand jury desires to, or that the grand jury has been instructed to, investigate the office of the county attorney, and that the county attorney is disqualified to appear before the grand jury or to advise with it during such investigation, and the district court should appoint a special or substituted county attorney to advise with the grand jury and to examine witnesses during such investigation, but, further than the investigation of the county attorney's office, there is nothing before this court to show that the district court of Muskogee county was authorized to make an order disqualifying the county attorney from appearing before the grand jury for the purpose of giving information or advice relative to matters cognizable before it, and for the purpose of interrogating witnesses before it whenever he thinks it necessary.

For the reasons herein stated, the writ of prohibition is granted and directed to said Enloe V. Vernor, district judge, and Archibald Bonds and Fred W. Martin, commanding them to desist and refrain from further proceeding under and pursuant to the order as made, copies of which are attached to the petition filed in this court, and admitted to be true by the separate answers of Enloe V. Vernor, district judge, and Bonds and Martin.

Peremptory writ of prohibition granted.

HUNT, CLARK, RILEY, HEFNER, and ANDREWS, JJ., concur.

MASON, C. J., LESTER, V. C. J., and CULLISON, J., absent and not participating.