**WALLACE, Co. Treas., et al. v. GASSAWAY, Judge.**

No. 22164. Opinion Filed April 28, 1931.

I. L. Cook, for plaintiffs.

Ralls & Ralls, for defendant.

SWINDALL, J. This is an original proceeding commenced in this court by J. P. Wallace, as county treasurer of Atoka county, Okla., and the Indian Citizen Democrat, a weekly newspaper published at Atoka, Okla., and Atoka County Jeffersonian, a weekly newspaper published at Atoka, Okla., as plaintiffs, against P. L. Gassaway, as district judge of the Twenty-Sixth judicial district of the state of Oklahoma, for writ of prohibition to prohibit the defendant from enjoining J. P. Wallace, as county treasurer of Atoka county, Okla., from advertising certain real estate in Atoka county for tax resale for the year 1931.

The plaintiffs allege, in substance, that J. P. Wallace, the duly elected and acting county treasurer of Atoka county, Okla., has delivered to the publisher of the Indian Citizen

Democrat, a weekly newspaper published at Atoka and of general circulation in Atoka county, notice of tax resale for the year 1931; and that the said paper has been designated by the board of county commissioners as the paper in which the county treasurer is to publish notice of tax resale for said year; and that the defendant, P. L. Gassaway, as district judge, has granted a restraining order against the county treasurer and the publisher of said paper restraining the publication of said notice; and that a hearing on the petition for injunction has been set for Wednesday, March 18, 1931; and that the notice is prepared for publication on March 19, 1931; and that it is necessary to publish said notice on said date in order for the county treasurer to commence the tax resale for the year 1931 at the time provided by law for commencing and holding said sale, and that under the law the resale date is fixed to commence on the 20th day of April, 1931. Plaintiffs further show that if said injunction is granted by the defendant the tax resale cannot be held for the year 1931; and that the defendant will grant said injunction unless prohibited by this court; and that the plaintiffs have no adequate remedy at law; and that remedy by appeal or by any other method except by prohibition in this court is inadequate and insufficient; and that the same would deprive plaintiffs of having this cause of action speedily determined in a court having jurisdiction thereof, and for the further reason that the said defendant assumes to assert power not granted by law and is attempting to make an unauthorized application of judicial force. Attached to the plaintiffs' petition is a certified copy of the petition of Joe H. McClendon et al. against J. P. Wallace, as county treasurer of Atoka county, Okla., and the two newspapers above mentioned. The petition in that case appears to have been filed in the office of the court clerk of Atoka county on March 10, 1931, and on that date the defendant, as district judge of the Twenty-Sixth judicial district of Oklahoma, granted a restraining order restraining the county treasurer from publishing any notice for the resale of lands in Atoka county and restrained the two newspapers above mentioned from publishing said notice until the further order of the court. It is further ordered by the trial court that the application of the plaintiffs for a temporary injunction be set for hearing in the district court at Atoka, Okla., on the 18th day of March, 1931, no hour for the hearing being fixed in the notice; it is further ordered that a copy of said order be served upon J. P. Wallace,

as county treasurer of Atoka county, and the Indian Citizen Democrat, and the Atoka County Jeffersonian. In the petition in the district court of Atoka county the plaintiffs in that action allege in substance that J. P. Wallace is the duly qualified and acting county treasurer of Atoka county, Okla., and that the Indian Citizen Democrat, a weekly newspaper published at Atoka, Okla., and the Atoka County Jeffersonian, a weekly newspaper published at Atoka, Okla., are threatening to publish notice of resale of the property of the plaintiffs in that action and of others similarly situated, and said plaintiffs are informed and believe that the said defendant, J. P. Wallace, has delivered to the Indian Citizen Democrat and to the Atoka County Jeffersonian what purports to be a notice of tax resale in Atoka county, Okla., and that same includes the property of said plaintiffs and the plaintiffs in that action state that unless restrained said Indian Citizen Democrat and the Atoka County Jeffersonian will publish said notices and that it will cast a cloud on the title on all the lands of said plaintiffs involved in said notice and of other persons owning land in Atoka county similarly situated, and that the said J. P. Wallace will cause said publication to be made unless restrained from doing so.

Plaintiffs therein state that the said J. P. Wallace is threatening to sell, and unless restrained will sell, at resale the lands belonging to these plaintiffs described in said notices and other lands belonging to other persons similarly situated.

The plaintiffs therein further state that said notice is illegal and void and that the notice to be published by the Indian Citizen Democrat, a corporation, and the Atoka County Jeffersonian, a corporation, will be void, but will cast a cloud on the title of these plaintiffs and all others similarly situated.

Plaintiffs therein state that said district court has from time to time adjudged that the act of the Legislature purporting to authorize such a resale is unconstitutional and void, and that injunctions have been granted from time to time by said district court enjoining such resale under said act.

Plaintiffs therein state that said act of the Legislature numbered as chapter 282, page 408, of Session Laws 1929, is void and in violation of the Constitution of the state in the following respects, to wit: (1) It provides for the distribution of the money that may be collected from said sale contrary to the constitutional provisions. (2)

The act was passed at a special session of the Oklahoma Legislature, at which time and at which session said Legislature had no authority to act on the purported legislation, as disclosed by the title to said act are entirely different subject-matters as contained therein, and that said bill, while attempting to be a revenue measure, originated in the Senate in violation of the constitutional provisions of this state, and that said Senate bill, as amended, was sent to the House and was there amended and later enrolled and filed as a law with said amendments included therein and without said amendments having ever been passed, adopted, or approved by the Senate in any manner.

Said plaintiffs therein state that if said notice of sale is published and said sale is made, it will cause a multiplicity of suits and all the deeds executed at such sale will be void.

Eva A. Ralls, one of the plaintiffs therein, states that she is the owner of lots 3 and 4, and the west 75 feet of lot 2, block 26, and lots 1 and 2, block 84, together with other lots that will be affected if sold at such sale. Said plaintiffs state that they have no legal remedy at law, and that a court of equity is a proper court to grant such relief as should be granted.

Plaintiffs therein further state that said notices would be void for the reason that the county commissioners have not designated any newspaper as an official newspaper for publication, nor have they designated the Indian Citizen Democrat or the Atoka County Jeffersonian for the publication of the above-mentioned notice.

Wherefore, plaintiffs in that action pray that an injunction issue enjoining the said J. P. Wallace from advertising said resale and from selling same, and that the Indian Citizen Democrat and the Atoka County Jeffersonian be enjoined from publishing such notice.

That petition is verified by Eva A. Ralls, one of the plaintiffs therein.

Upon the hearing before this court for an order to show cause why writ of prohibition should not issue, it was admitted by counsel for the defendant in the action in this court that the board of county commissioners of Atoka county had designated the Indian Citizen Democrat, a weekly newspaper published at Atoka, and of general circulation in Atoka county, Okla,. as the official county paper of Atoka county, and had designated said paper as the paper in which the county treasurer is to publish notice of tax resale for the

year 1931. It was further admitted that the defendant enjoined the tax resale for the year 1930, and that his predecessor in office had granted like injunctions for different years, and that no tax resale has been held in Atoka county for ten years.

The question for us to determine from the record and under the admissions of counsel in this court is whether or not the defendant, as district judge of the Twenty-Sixth judicial district of the state of Oklahoma, is assuming to assert power not granted by law, or is attempting to make an unauthorized application of judicial force.

Our revenue laws provide the procedure to be followed by an aggrieved person from the time his property is assessed until his taxes are paid and designate the boards and courts where he may be heard.

Section 9647, C. O. S. 1921, provides that the board of county commissioners of the various counties of the state of Oklahoma are thereby empowered to correct error upon the assessment rolls or upon tax rolls of the county in a doubtful or erroneous assessment of property for taxation for any particular year, in the manner provided in the next section, and not otherwise.

Section 9648 creates a county board of equalization. Section 9675 provides the procedure for taking appeals from the county boards of equalization. Section 9674 authorizes the board of county commissioners of each county to hear and determine allegations of erroneous assessments, mistakes or errors made in assessing or preparing the tax rolls or in the description of land or other property before the taxes have been paid, on application of any person or persons who shall show by affidavit good cause for not having attended the meetings of the county board of equalization for the purpose of correcting such error, mistake, or defect. Section 9683 provides that the board of county commissioners of each county, or a majority thereof, shall constitute the board of equalization for the county and shall hold a session commencing on the first Monday in June of each year for the purpose of equalizing, correcting, and adjusting the assessment rolls in their county between the different townships. Section 9684 provides that appeals may be taken from all county boards of equalization to the county court of the county within 30 days after the adjournment of said board, and to the Supreme Court, if from the state board, within 60 days after the adjournment of such board, but not afterwards. Section 9686 provides that the proceedings before the board of equalization and appeals

268

therefrom shall be the sole method by which assessments or equalizations shall be corrected or taxes abated. Equitable remedies shall be resorted to only where the aggrieved party has no taxable property within the tax district of which complaint is made. Section 9744, as amended by chapter 282, Session Laws 1929, page 408, provides the notice to be given on a tax resale. Section 9745, as amended by the same chapter, sec. 2, fixes the date on which the resale shall commence and provides how the same shall be held. Section 9739, as amended by Session Laws 1925, chapter 30, page 40, provides that:

"When lands or lots shall have heretofore been, or shall hereafter be sold, and tax sale certificates or tax deeds issued by the county treasurer therefor, on which land or lots no tax was due, or where said sale was, or is otherwise illegal, or a portion of such tax covered improvements which were not on the premises at the time same were assessed, the county shall save the purchaser or his assigns harmless by refunding and paying to him or them the original purchase money paid thereon together with subsequent payments with interest from date of payment at six (6) per cent. per annum. No action for such refund shall be commenced after the expiration or five (5) years from the time a tax deed might have been applied for, had the sale been valid."

Section 9971 provides that in all cases where the illegality of the tax is alleged to arise by reason of some action from which the law provides no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for the recovery of them. It shall be the duty of such collecting officer to hold such taxes separate and apart from all other taxes collected by him for a period of 30 days, and if within such time summons shall be served upon such officer in a suit for recovery of such taxes, the officer shall further hold such taxes until the final determination of such suit.

In the case at bar defendant contends that chapter 282, supra, is unconstitutional and void, but there is no specific provision of our Constitution pointed out with which the act in question or any of its essential provisions are clearly in conflict. It seems to be the universal rule that acts of the Legislature will not be held invalid unless they are clearly in conflict with some constitutional provision, and that all doubt, where there is doubt, will be resolved in favor of the constitutionality of the act. Board of Dental

Examiners v. Pollock, 125 Okla. 170, 256 Pac. 927; Stout v. State ex rel. Caldwell, 36 Okla. 744, 130 Pac. 553, 45 L. R. A. (N. S.) 884, Ann. Cas. 1916E, 858.

It seems to be the contention of the plaintiffs in the case in the district court of Atoka county that chapter 282, Session Laws 1929, is void for the reason that the same is a revenue measure. Const. art. 5, sec. 33. We cannot agree with this contention of the plaintiffs in that case and the defendant in the case at bar. This court in Anderson v. Ritterbusch, County Treasurer, 22 Okla. 761, 98 Pac. 1002, held that:

"'Revenue laws' are those laws only whose principal object is the raising of revenue, and not those under which revenue may incidentally arise."

Further:

"'Revenue bills' are those that levy taxes in the strict sense of the word, and are not bills for other purposes which may incidentally create revenue."

This rule seems to have been followed by this court since the rendition of the opinion in Anderson v. Ritterbusch, supra, down to present time. In Michie v. Haas, 134 Okla. 57, 272 Pac. 883, being an action to quiet title against a resale tax deed, this court in an opinion delivered by Mr. Justice Riley said:

"The primary object seemed to have been lost to the sight of the courts, that being that the object of tax sales was to support the government by enforcing payment of taxes and that the resale was merely a delayed action for the benefit of the taxpayer as well as the state wherein the agency of the state bought the thing, when the owner defaulted and others failed to buy at the sale, and held the property for a period of two years for redemption, then to sell again for two purposes: (1) To secure what value possible for the property, as in foreclosure; and (2) to replace the property where it will again bear its proportionate share of governmental cost as property to be taxed."

Neither is the act unconstitutional for the reason that it violates section 57 of article 5 of the Constitution. This court in State ex rel. Ledbetter, Sheriff, v. Pitts, County Treasurer, 137 Okla. 59, 277 Pac. 918, held that:

"Under section 57 of article 5 of the Constitution, with certain exceptions therein specifically enumerated, the subject of every act of the Legislature must be clearly expressed in its title. However, as a practical application of the principle, a statute will not be held unconstitutional on the ground that the subject or object is not expressed in the title unless the title is clearly insufficient."

Numerous decisions have been rendered by this court holding the tax resale act, as

amended, to be constitutional, and the defendant has failed to call our attention to a single authority or point out wherein the act in question is clearly in conflict with some constitutional provision. Having carefully examined the former decisions of this court and the two sections of the Session Laws 1929 involved in this action, we are of the opinion and hold that the same are constitutional.

This brings us to a consideration of the question of the right of the district court of Atoka county to enjoin the county treasurer from advertising and selling at tax resale the property described in the petition and other property described in the notice. This court in Myers, County Treasurer, v. Pyeatt et al., 115 Okla. 16, 242 Pac. 232, held that:

"A petition joined in by a number of plaintiffs to enjoin the sale of real estate by the county treasurer at a tax resale, as required by law, which does not designate the particular land owned by the plaintiffs and the grounds for relief as applied to particular land owned, or in which an interest is claimed, does not state a cause of action."

After discussing the facts in that case and the sufficiency of the petition, which is far more specific in its allegations than the case at bar, the court said:

"It is obvious that there is no community of interest such as to authorize the 868 plaintiffs to join their several causes of action in one suit, if they have such causes of action. It is also obvious that no cause of action is stated for any one of the 868 plaintiffs."

We have heretofore called attention to the several sections of the Code of this state providing for hearing before the equalization board and county commissioners, each of which have been several times construed by this court and which we deem it is not necessary to further discuss in this case. We have cited the sections of our Code authorizing appeals; also called attention to section 9971, C. O. S. 1921. It will be noted that the last section mentioned provides that in all cases where the illegality of the tax is alleged to arise by reason of some action from which the law provides no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and bring an action to recover the illegal tax paid within the time and in the manner therein specified.

This court in Town of Burbank v. Sheel, 131 Okla. 292, 268 Pac. 1106, said:

"Section 9971, C. O. S. 1921, provides a complete and adequate remedy by which persons may obtain relief from an illegal tax, viz., by payment of the taxes at or before the time they fall due, and by bringing an action, as prescribed in said section, to recover the illegal taxes thus paid, and the remedy thus provided is exclusive." Citing with approval, Atchison, T. & S. F. Ry. Co. v. Eldridge, 65 Okla. 317, 166 Pac. 1085.

It is also contended by the defendant that I. L. Cook does not represent J. P. Wallace as county treasurer, and that the county treasurer should be represented by the county attorney of Atoka county. The record shows that Wallace, as county treasurer of Atoka county, Okla., verified the petition for writ of prohibition, and under the law he has a right to appear in his own behalf. In 1929, Honorable P. L. Gassaway, as district judge of the Twenty-Sixth judicial district of the state of Oklahoma, granted an injunction against the tax resale and the county treasurer appealed to this court. On June 17, 1930, in the case of Wallace, County Treasurer, v. McClendon et al., 144 Okla. 39, 289 Pac. 354, this court in a per curiam decision dismissed the appeal, using this language:

"Where the time over which the controversy arose has expired and no practical relief can be gained by a decision, the cause becomes moot, and will be regarded as abstract and hypothetical, and not necessary for decision and may be dismissed."

Also upon the hearing in the case at bar it was admitted that there has not been a tax resale in Atoka county in ten years, so we are forced to the conclusion that the allegations of the petition of the plaintiff, J. P. Wallace, as county treasurer, in this case, that his remedy by appeal is not adequate, and that in granting the restraining order against the county treasurer the defendant in this action, as district judge, is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it, must be sustained.

This court in Redcorn v. District Court, 141 Okla. 237, 284 Pac. 1113, said:

"Prohibition is the proper remedy where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force in a cause otherwise properly cognizable by it."

To the same effect is Lattimore v. Vernor, 142 Okla. 105, 288 Pac. 463, and Vogel v. Gassaway, 139 Okla. 61, 281 Pac. 302.

For the reasons herein stated, we hold that the plaintiffs are entitled to the relief prayed, and that a writ of prohibition should be granted prohibiting said defendant from enjoining the publication of the notice of tax resale for 1931 and from enjoining said tax resale, and it is so ordered.

LESTER, C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J.. disqualified, not participating.