## BROOKS et al. v. STATE et al.

No. 21343. Opinion Filed Oct. 6, 1931.

Francis Stewart, for plaintiffs in error.

William B. Moore and S. H. Lattimore, for defendants in error.

RILEY, J. This is an appeal from a judgment of the Court of Tax Review, denying a protest of certain taxpayers of the city of Muskogee protesting a tax levy for said city for the fiscal year beginning July 1, 1929. The entire levy of 1.09 mills for the library fund is protested upon the ground that chapter 49, S. L. 1921, authorizing a levy of not to exceed two mills for such specific purpose, and authorizing the same to be levied in excess of the six mills allowed by law for current expenses, is unconstitutional in that the title of said act is not sufficient to comply with section 57, art. 5, of the Constitution, in so far as it relates to the allowance of an excess levy of two mills for a library fund.

The levy to the extent of .095 of a mill is also attacked as being illegal and void in that to that extent the levy was made to provide funds for an appropriation for current expenses of the city of $2,500, $1,000 thereof being for a portion of a salary of the city accountant, $500 for the salary of the city manager, $500 for the salary of the city clerk, and $500 for the city attorney.

This portion of the levy is conceded by defendants in error to be invalid. But in their briefs they declare that a stipulation was made in the Court of Tax Review to that effect, which, by inadvertence or mistake, was overlooked by the court, and being oral was not incorporated in the record. It is further asserted that the levy had already been corrected in this respect and that portion thereof eliminated, and the levy for library purposes reduced to that extent by the county excise board. Plaintiffs in error, although they file a reply brief, do not deny this statement. However, from the record, we are unable to determine whether or not this has been done. If not, the levy should be so corrected, for the act provides that the funds shall not be transferred to any other fund, or be used for any other purpose.

The title to the act, House Bill No. 33, ch. 49, S. L. 1929, reads:

"An Act repealing section 9528, C. O. S. 1921, and chapter 7, Oklahoma Session Laws of 1927: relating to public libraries of cities and towns and special tax levies therefor; repealing all acts or parts of acts in conflict therewith and declaring an emergency."

Plaintiffs in error assert that this title complies fully with the constitutional requirement as to the repeal of section 9528, C. O. S. 1921, and chapter 7, S. L. 1927, but contend that it is wholly insufficient to authorize a special levy for library purposes over and above the lawful rate for current expenses.

In support of their contention plaintiffs in error cite Walker-Taylor Co. v. Bd. of County Com'rs, 125 Okla. 226, 257 P. 324; State ex rel. Short v. Johnson, 90 Okla. 21, 215 P. 945; State ex rel. Ledbetter v. Pitts, 137 Okla. 59, 277 P. 918; St. L. & S. F. Ry. Co. v. Andrews, County Treas., 137 Okla. 222, 278 P. 617.

An examination of these cases will disclose that the omission in the titles of the several bills declared unconstitutional therein does not exist in the title to the bill here involved.

In the Walker-Taylor Case, supra, there was no mention whatever in the title that the bill by its provisions took from the board of county commissioners, charged by law with the management of the fiscal affairs of the county, the power to purchase

120

supplies for the various county offices and placed the same with the several officers of the county.

In State ex rel. Short v. Johnson, supra, the title to the bill involved gave no intimation of the provision in the bill giving surety companies in certain cases the right to share pro rata with depositors' guaranty fund in the distribution of the assets of a failed state bank.

In State ex rel. Ledbetter v. Pitts, supra, no mention of the creation of a new office, or a new officer, to serve alias tax warrants was contained in the title of the bill involved.

In St. L. & S. F. Ry. Co. v. Andrews, County Treas., supra, no mention or any indication whatever was contained in the title of the bill of the provisions therein for one mill special tax levy for the erection of courthouses.

Similar omissions were in the titles of the bills in the other cases cited.

All of those cases recognize the rule, and also the universal application thereof, that a statute will not be held unconstitutional on the ground that the object or subject thereof is not expressed in the title, unless the title is clearly insufficient.

The title of the act here involved, it will be observed, consists of three clauses separated each from the others by a semicolon. The first clause relates to the repeal of certain sections. The second is "relating to public libraries in cities and towns and special tax levy therefor," and the third relates to repeal of all other acts or parts of acts in conflict with the provisions of the bill and declaring an emergency. The second clause specifically calls attention to a special tax levy for libraries in cities and towns. Certainly it cannot be said that no mention or intimation whatever is made of the special tax levy for such purposes. One can scarcely read the second clause of the title without conceding at once that some sort of a special tax for the support of public libraries is provided in the bill.

It has been repeatedly held by this court that it is not necessary for the title of an act to embrace an abstract of its contents, but it is sufficient if it fairly indicates the general purpose of the act. In re Dawson. 136 Okla. 113, 277 P. 226.

In Oklahoma City Land & Development Co. v. Hare, 66 Okla. 190, 168 P. 407, it was held that a title reading: "An act providing for the reapportionment of the State of Oklahoma into judicial districts and declaring an emergency," was sufficient to authorize a provision in the bill for an additional district judge in district No. 13, although no mention of additional judges was made in the title.

It is well settled in this state that section 57, art. 5, of the Constitution, requiring that every act of the Legislature shall embrace but one subject, which shall be clearly expressed in the title, is mandatory, and that these requirements are not to be so exactingly enforced and in such technical manner as to cripple legislation.

The subject of the act under consideration is public libraries and provision for their support and maintenance. We think the expression in the title as to the special tax for such libraries, though brief, is sufficient to comply with the constitutional provision.

The judgment of the Court of Tax Review is affirmed as to all the levy except the .095 of a mill made as a part of the levy for library purposes, to provide funds for the payment, or part payment, of the salaries of the regular city officers. As to that portion of the levy the judgment is reversed and the cause remanded, with directions to enter judgment for the reduction of the library fund levy .095 of a mill, if the same has not already been reduced.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.