MIFFLIN, Co. Atty., et al. v. ARNETT, Dist. Judge, et al.

No. 22808. Opinion Filed Nov. 3, 1931.

George H. Montgomery and Tom Finney, for plaintiff.

T. G. Carr, for defendants.

HEFNER, J. This is an original proceeding brought in this court by L. E. Mifflin, county attorney of McCurtain county, and others as county officers of that county, against Geo. T. Arnett, district judge of the 27th judicial district of the state of Oklahoma, for a writ of prohibition whereby it is sought to prohibit him from entertaining jurisdiction and further proceeding in an action brought in the district court of McCurtain county by the state of Oklahoma on relation of T. G. Carr, special county attorney, against petitioners, wherein it is sought to enjoin them from collecting certain salaries under various acts of the Legislature, which acts it is alleged are unconstitutional.

Respondent made and entered the following order appointing T. G. Carr special county attorney, which order also undertakes to authorize him to bring the action in question:

"L. E. Mifflin, the regularly elected and qualified county attorney of McCurtain county, Okla., having disqualified as such county attorney by reason of his interest and the interest of assistants in his office to represent the said county in proceedings or actions testing the validity and constitutionality of special and general acts of the Legislature fixing the salaries of the officers of McCurtain county, Okla., and fixing the number of deputies in each and all of the offices of McCurtain county, and the salaries of said deputies, the Honorable T. G. Carr, a duly licensed and practicing attorney and a resident of McCurtain county, is hereby appointed county attorney to represent McCurtain county, Okla., and the interest of McCurtain county, Okla., in any and all actions or proceedings at law or in equity, or otherwise, that he thinks proper to institute or file, pertaining to the salary and amount thereof of each and all of the elected and appointed officers of McCurtain county, Okla., and each and all of the deputies or assistants or any of the elected officers, or to the number of said deputies in

each and all of the offices of McCurtain county, Okla., or any person or individual drawing any salary or compensation for any work or employment, or claiming the right to draw a salary or compensation for any work or employment in McCurtain county, Okla., with all the authority and power pertaining to such matters as the said L. E. Mifflin would or could have if he were not disqualified."

Petitioners allege that under the statute it is the duty of the county attorney to bring and prosecute actions of this nature. That the county attorney has not and is not disqualified and that the order appointing T. G. Carr special county attorney is therefore void. It is also alleged that the order is void because it was made without a hearing and without any application or request having been made for the disqualification of the county attorney.

Respondent in his answer alleges that the county attorney is disqualified to prosecute the action and that he has disqualified. This is denied by the county attorney. There is no allegation in the answer that the county attorney has at any time certified his disqualification. The allegation relative thereto is as follows:

"That on or about the—of August, 1931, the said L. E. Mifflin stated to this respondent, Geo. T. Arnett, that he, the said L. E. Mifflin, was disqualified to prosecute an action or actions to test the constitutionality of certain acts of the Legislature relative to the number and the salary of the deputies in the various offices of McCurtain county, Okla., and the acts of the Legislature relative to the salary of the elected officials of the said county, and requested respondent to appoint some person to act in his, L. E. Mifflin's, place and stead. The details of the proceedings in which the said L. E. Mifflin did disqualify are more fully set out in the affidavit of respondent hereto and affidavit of J. N. Fortner attached and made a part of this response."

In his affidavit attached to the answer respondent says: In August, 1931, he called the county attorney in his chambers and advised him that the county commissioners of certain counties in his judicial district had instituted action, the purpose of which was to contest the constitutionality of certain acts of the 1931 Legislature relative to salaries of county officers, and that he informed the county attorney that it was his duty to institute like proceedings in behalf of McCurtain county. That the county attorney stated to him that he was disqualified to bring the action, and further stated that it would be proper for respondent to appoint a special county attorney for this purpose, and that upon these statements he did appoint T. G. Carr as special county attorney and authorized him to bring and prosecute the action.

We do not think these extrajudicial statements made by the county attorney sufficient to confer jurisdiction upon respondent to make the appointment questioned. In the case of Lattimore, Co. Atty., v. Vernor, Dist. Judge, 142 Okla. 105, 288 P. 463, this court announced the following rule:

"Before the district courts of this state have the power to appoint a suitable person to perform, for the time being, the duties required by law to be performed by the county attorney, a hearing must be had and proof must be offered showing that the county attorney is disqualified, and an order entered upon the journal of said court showing such a hearing has been held, and proof offered, and the court finds from such proof that the county attorney is disqualified to perform, for the time being, the duties, for which the district court then appoints a special or substituted county attorney to perform."

There was no action or proceeding pending, no hearing was had to disqualify the county attorney. No proof was offered which established that he was disqualified. Respondent was therefore without authority to make the order appointing a special county attorney. This being true, the action sought to be prosecuted is not legally pending and further proceedings therein on the part of respondent would amount to an unauthorized application of judicial power. In the case of Lattimore v. Vernor, supra, this court said:

"When a district judge makes an unwarranted and therefore unlawful application of judicial power, he may be and should be prohibited."

Under this authority the district court of McCurtain county acted in excess of its power and jurisdiction when it made the order appointing a special county attorney to bring and prosecute the action.

The writ is granted.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.