## GILMER v. HUNT.

No. 20998. Jan. 23, 1934.

T. R. Wise and A. Gray Gilmer, for plaintiff in error.

J. A. Minton, for defendant in error.

ANDREWS, J. The plaintiff in error instituted an action in the district court of Beckham county, Okla., against the defendant in error to recover a money judgment

for an amount due under a verbal contract. He filed, or caused to be filed in the action, a garnishment affidavit and procured the issuance out of the office of the court clerk of that court of a number of garnishment summonses. The defendant filed a motion and an amended motion to dissolve the garnishments in so far as they pertained to the salary due to him from C. R. Anthony & Company, a corporation, earned within the 90 days immediately preceding the issuance thereof, and, after a hearing of those motions, the trial court released $175 of the funds held under the garnishment proceeding. On the day the cause was set for trial, he filed a motion to dismiss the action for want of jurisdiction of the trial court. Upon the filing of that motion and the hearing of evidence thereon, the trial court adjudged that the plaintiff had forfeited his claim against the defendant and dismissed the action.

Whether or not the trial court was in error is dependent upon the provisions of House Bill No. 360 of the Fifth Legislature of Oklahoma. That act is as follows:

Enrolled

House Bill No. 360

By Disney and Headley

An Act

Amending the Sixteenth Clause of section 3342, and the Fifth Clause of section 3345 of the Revised Laws of Oklahoma, 1910, Annotated, Pertaining to Exempt Wages.

Be It Enacted By the People of the State of Oklahoma:

Section 1. That the sixteenth clause of section 3342 of chapter 34, defining the exemptions of householders, of Revised Laws of Oklahoma, 1910, Annotated, be amended to read: "Seventy-five per cent. of all current wages or earnings for personal or professional services earned during the last 90 days" and that the fifth clause of section 3345 of chapter 34 of Revised Laws of Oklahoma 1910 Annotated, defining the exemptions of persons not heads of families, be amended to read: "Seventy-five per cent. of all current wages or earnings for personal or professional services. Provided, however, that no process issued in any court to subject such wages or earnings for personal services to satisfy any judgment or obligation, shall ever include more than 25 per cent. of such wages, or personal earnings, and any person, firm, association or corporation, either personally or by agent or attorney violating any provision of this act, shall forfeit the entire debt, judgment, or obligation sought to be satisfied, and no court in the state of Oklahoma shall ever have jurisdiction to enforce

collection of any such claim, judgment or obligation in any case in which the provisions of this act have been violated."

Passed the House of Representatives, this 6" day of March, 1915.

A. McCrory,

Speaker of House of Representatives.

Passed the Senate, this 23" day of March, 1915.

E. L. Mitchell,

President Pro Tempore of the Senate.

Approved this the 2nd day of April, 1915.

R. L. Williams,

Governor of State of Oklahoma.

It appears as chapter 188, Session Laws 1915, section 6596, C. O. S. 1921. The compilers of the 1931 statutes have attempted to divide its provisions between sections 1642 and 1645, O. S. 1931. They have included the proviso in section 1645, supra.

It is herein contended that the proviso to the act in question is ineffective and void by reason of the provisions of section 57, article 5, of the Constitution.

In Johnson v. Grady County, 50 Okla. 188, 150 P. 497, this court said:

"It is too plain to admit of argument that the Act of March 25, 1911, c. 152, Session Laws 1910-11, in no sense has for its object the levy of a tax or the creation of a revenue, but has for its general purpose the assessment and equalization of property for taxation. It only provides for the assessment of property for taxation. For the law providing for the raising of revenue we must look elsewhere."

Therein it was held that the portion of the act providing that erroneous tax payments should be a valid charge against the county "* * * was not included or mentioned in the title to said act; that no reference whatever was made to the subject thereof in the title; and that there was nothing whatever in the title which would indicate in the slightest degree that such section would make such a provision, authorizing the refund of taxes already paid and directing the treasurer to withhold the proportional part refunded from money due the state or such municipality at the next settlement."

It is apparent that the portion of the act in question in this case constituting the proviso was not included or mentioned in the title; that no reference whatever was made to the subject thereof in the title, and that there was nothing whatever in the title which would indicate in the slightest degree that the act would make such a provision.

An excellent review of the authorities is contained in the decision of this court in Walker-Taylor Co. v. Board of Com'rs of Oklahoma County, 125 Okla. 226, 257 P. 324. In that decision it was held that the title to the act did not disclose one of the provisions of the act which was calculated to provide for the creation of a purchasing agent and to take from the county commissioners the power theretofore vested in them to purchase supplies for county officers and departments. The same rule was applied in Ex parte Masters, 126 Okla. 80, 258 P. 861, to an act the title to which did not disclose the provision of the act establishing a speed limit; in State ex rel. Ledbetter, Sheriff, v. Pitts, Co. Treas., 137 Okla. 59, 277 P. 918, to an act purporting to create authority in another person than the county treasurer to issue alias tax warrants where the same was not expressed in the title, and in Pitts, Co. Treas., v. Allen, 138 Okla. 295, 281 P. 126, to an act which purported to authorize the levy of an additional one mill tax where the same was not expressed in the title.

We are not unmindful of the rule stated in Wallace, Co. Treas., v. Gassaway, Judge, 148 Okla. 265, 298 P. 867, and other decisions of this court that a statute will not be held unconstitutional on the ground that the subject is not expressed in the title, unless the title is clearly insufficient, and the rule stated in Oklahoma Light & Power Co. v. Corporation Commission, 96 Okla. 19, 220 P. 54, and other decisions of this court, that the constitutional requirement is complied with where the act has but one general subject that is fairly indicated by the title.

The act in question is a direct violation of the provisions of the Constitution in at least one important particular. There is nothing in the title to indicate any intention to change the law pertaining to garnishment, and there is nothing therein to indicate any intention to provide for the forfeiture of a debt. It is limited to the amendment of certain sections "pertaining to exempt wages."

As stated in Dies v. Bank of Commerce, 100 Okla. 205, 229 P. 474, and many other decisions of this court, an act ought not to be held unconstitutional unless it is clearly so The portion of this act in question is clearly so. In the case last cited it was held:

"Where a part of a statute is unconstitutional, that section alone is not sufficient to authorize the courts to declare the remainder void, unless all the provisions are connected in the subject-matter, depending on each other, operating together for the same purpose or otherwise so connected together in meaning, that it cannot be presumed that the Legislature would have passed the one without the other."

That decision is applicable to the act in question. It does not appear that the provision of the act pertaining to exemption of wages is dependent upon the proviso with reference to garnishment and forfeiture; that they operate together for the same purpose, or that they are otherwise so connected that it cannot be presumed that the Legislature would have passed the one without the other.

We, therefore, find and hold that the act in question providing for an amendment to sections 3342 and 3345, R. L. 1910, is a valid legislative enactment, and that the proviso thereto is ineffective and void for the reason that it is not expressed in the title thereto.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded to that court, with directions to vacate the judgment heretofore rendered, to reinstate the cause, and to proceed in conformity herewith.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.