## DICKSON v. WRIGHT.

No. 22291.    Oct. 2, 1934.

William T. Powell, for plaintiff in error.

Lon Morris & Son, for defendant in error.

BAYLESS, J. This is an appeal from an order of the district court of Cotton county, dissolving garnishment proceedings and dismissing said action, wherein J. E. Dickson was plaintiff and J. W. Wright was defendant. The parties will be hereinafter referred to as they appeared in the trial court.

On the 20th day of February, 1931, plaintiff brought suit against defendant in the justice court for $113 on an open account for groceries. The plaintiff caused to be issued a garnishment summons, in which the board of education of the city of Devol was required to appear before the justice court on the 28th day of February, 1931, and answer interrogatories concerning money or property in its possession, or under its control, belonging to defendant, and warning it to pay no money and deliver no property to the defendant, without providing in said summons that, in the event any sums were due from the garnishee to the defendant for wages earned in the last 90 days, 75 per cent. of said wages be exempt. This summons was served on said school board.

On February 27, 1931, the action in which the foregoing garnishment summons was issued and served was dismissed by plaintiff and another action instituted in the same court on the same debt, and on March 2, 1931, another garnishment summons was issued and served on the same board, which contained the exemption clause, exempting 75 per cent. of defendant's current wages or earnings from the garnishment proceedings.

The trial of the case on appeal to the district court resulted in judgment in favor of defendant, quashing the garnishment proceedings, forfeiting the alleged debt owing by defendant to plaintiff, and dismissing plaintiff's cause of action by reason of plaintiff's violation of section 6596, C. O. S. 1921 (section 1645, O. S. 1931).

The evidence discloses that the defendant is the head of a family; that he was working for said school board, using and driving his truck and transporting school children to and from school, for which he received a stipulated compensation of $75 per month, and that at the time of the service of the garnishment summons something less than two months' salary was earned and owing to defendant by said board.

Section 6596, C. O. S. 1921 (section 1645, O. S. 1931), provides:

"That the sixteenth clause of section 3342 of chapter 34, defining the exemptions of householders, of Revised Laws of Oklahoma 1910, annotated, be amended to read: 'Seventy-five per cent. of all current wages or earnings for personal or professional services earned during the last 90 days' and that the fifth clause of section 3345 of chapter 34 of Revised Laws of Oklahoma 1910, annotated, defining exemptions of persons not heads of families, be amended to read: 'Seventy-five per cent. of all current wages or earnings for personal or professional services. Provided, however, that no process issued in any court to subject such wages or earnings for personal services to satisfy any judgment or obligation, shall ever include more than 25 per cent. of such wages, or personal earnings, and any person, firm, association, or corporation either personally or by agent or attorney violating any provision of this act, shall forfeit the entire debt, judgment, or obligation sought to be satisfied, and no court in the state of Oklahoma shall ever have jurisdiction to enforce collection of any such claim, judgment or obligation in any case in which the provisions of this act have been violated."

The only question to be determined in this case is whether plaintiff forfeited his right to collect the alleged debt owing to him by reason of having violated the provisions of the above statute. We had this identical question before us in the case of Gilmer v. Hunt, 167 Okla. 175, 29 P. (2d) 59, and we *do not deem it necessary to again reason this matter out.* For a full and complete discussion of this question, we refer to that opinion, and upon authority of that opinion reverse the judgment of the trial court, and remand this case to said court for further proceedings in conformity with the views expressed herein.

RILEY, C. J., and OSBORN, BUSBY, and WELCH, JJ., concur.