## RILEY v. STATE *ex rel.* McDANIEL.

No. 6192.   Opinion Filed June 2, 1914.

(141 Pac. 264.)

1. **STATES—Legislature—Officers and Employees.** The legislative department of the state has authority to appoint or elect its own officers and employees.

2. **SAME—Secretary of Senate.** Section 8115, Rev. Laws 1910, provides for the appointment of a secretary of the Senate by the president of the Senate.

3. **SAME—Secretary of State Election Board—Validity of Statute.** That part of section 1 of chapter 157, Session Laws 1913, passed by the extraordinary session of the Fourth Legislature, which provides that ''The secretary of the state Senate shall be the secretary of the State Election Board,'' is not repugnant to that part of section 13, article 6, of Williams' Ann. Const. Okla., which provides that ''the Governor shall commission all officers not otherwise commissioned by law.''

4. **OFFICERS—Appointive Power.** The power to select officers of the state is not an exclusive function of either the executive, legislative, or judicial branches. Primarily the power resides in the people, and they alone are authorized to say by what instrumentality the power may be exercised.

6. **ELECTIONS—Election Officers—Statutes—Extraordinary Session of Legislature—Governor's Message.** The subject acted upon by the extraordinary session of the Legislature was sufficiently recommended for consideration by the Governor, pursuant to section 7, article 6. Williams' Ann. Const. Okla., by his message, which reads as follows: ''In my message submitted to you at the opening of this special session, I recommended the consolidation and elimination of certain local officials. Inasmuch as there has been expressed doubt on the part of some of the members of the Legislature as to whether or not this recommendation will permit the elimination of officers not specifically mentioned, I recommend to you that you pass such laws abolishing or eliminating offices and curtailing the number of appointees, assistants, and deputies in local, county and state government as in your judgment may be in the interest of greater economy and more efficiency in government.''

6. **MANDAMUS—Surrender of Appurtenances of Office—Secretary of State Election Board—Prima Facie Case.** To make a prima facie case entitling him to a writ of mandamus requiring the former secretary of the State Election Board to immediately surrender and deliver to him all books, records, papers, and office furniture belonging to the office of the State Election Board, the secretary of the state Senate, who alleged that he

Riley v. State ex rel. McDaniel.

was also secretary of the State Election Board, by virtue of the enactment of section 1. c. 157, Sess. Laws 1913, relied upon his appointment as secretary of the state Senate by the president of the Senate, as shown by the journal of the Senate, and a commission as secretary of the State Election Board, issued to him by the president **pro tempore** of the Senate, who is authorized by section 1, supra, in case of a vacancy in the office of secretary of the State Election Board during such time as the Senate may not be in session, to appoint his successor. **Held,** sufficient.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Mandamus by the State, on the relation of Ned McDaniel, against Ben W. Riley. Judgment for relator, and defendant brings error. Affirmed.

*Fogg & Bennett,* for plaintiff in error.

*McAdams & Haskell,* for defendant in error.

KANE, C. J. In the court below, the plaintiff, defendant in error here, filed his application for the issuance of a writ of mandamus against the defendant, plaintiff in error here, wherein he prayed that "a peremptory writ of mandamus may issue forthwith, commanding the said Ben W. Riley immediately to surrender and deliver to petitioner all books, records, papers, and office furniture and other paraphernalia of said office of the State Election Board." The proceeding thus commenced terminated in the issuance of the writ as prayed for, and it is to review this action of the trial court that this proceeding in error is commenced.

The plaintiff contends that he was appointed secretary of the state Senate by the president of the Senate of the Fourth Legislature, and that by virtue of that appointment he became secretary of the State Election Board, and entitled to the books, records, papers, and office furniture belonging to that office upon the enactment by the extraordinary session of the Fourth Legislature of section 1, c. 157, Sess. Laws 1913, which provides:

"A State Election Board is hereby created to consist of three qualified electors, not more than two of whom shall belong to the same political party. The secretary of the state Senate shall

be the secretary of the State Election Board, and shall at the convening of each session of the Legislature, be elected by a majority of the members elected to and constituting the state Senate, and shall hold said office until the next regular session of the Legislature, or until his successor is elected and qualified. The secretary of the Senate shall take and subscribe the constitutional oath of office and shall give bond to the state in the sum of five thousand dollars for the faithful discharge of the duties of such office. In case of a vacancy in the office of secretary of the State Election Board during such time as the Senate may not be in session, the president *pro tempore* of the state Senate shall appoint his successor, who shall serve until his successor shall be elected as provided herein, at the next regular or special session of the Legislature or state Senate. The board shall choose its own chairman, and said board shall exercise such powers, perform such duties, and receive such compensation as is provided in this act."

The contentions of counsel for the defendant, as presented in their brief, may be briefly stated as follows: (1) The Legislature cannot create an office, if it is said that an office is created by chapter 1, section 157, *supra*, and then fill the office or appoint the person who is to discharge the duties of the office created by the Legislature. This, they say, would be repugnant to section 13, article 6, Williams' Ann. Const. Okla., which provides:

"The Governor shall commission all officers not otherwise commissioned by law. All commissions shall run in the name and by the authority of the 'state of Oklahoma,' and be signed by the Governor, sealed with the Great Seal of the state of Oklahoma, and attested by the Secretary of State. When any office shall become vacant, he shall, unless otherwise provided by law, appoint a person to fill such vacancy, who shall continue in office until a successor shall have been duly elected or appointed, and qualified according to law."

(2) The Legislature in extraordinary session had no power to pass this law, because the subject thereof was not recommended for consideration by the Governor. (3) No commission legal on its face has been presented. The first contention is based upon the theory that the action of the Legislature would be an infringement by the legislative department upon the power

of government vested in the executive department of the state by article 4 of Williams' Ann. Const., which provides:

"The power of the government of the state of Oklahoma shall be divided into three separate departments: The legislative, executive, and judicial; and except as provided in this Constitution, the legislative, executive, and judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others."

Generally the power to select officers of the state is not an exclusive function of either the executive, legislative, or judicial branches. Primarily, the power resides in the people, and they alone are authorized to say by what instrumentality the power may be exercised. *In re Decision of Justices* (Election by Senate), 69 Atl. (R. I.) 555.

It is true that under our Constittuion and laws the duty of commissioning public officers mainly devolves upon the Governor, but that situation arises out of the fact that there are a great many "officers not otherwise commissioned by law," who under the Constitution must be commissioned by the Governor, and not out of any inherent power of appointment possessed by the Governor by virtue of his office.

For example, it is not contended that the power to commission officers conferred upon the Governor by the foregoing section of the Constitution empowers him to commission any of the officers or employees of either branch of the Legislature. That is a power inherent in all legislative bodies, and we find unmistakable recognition of the existence of this power in the Legislature of this state in at least two sections of our Constitution. (Sections 31 and 49, art. 5, Williams' Ann. Const. Okla.)

The term "secretary of the state Senate" is sufficiently descriptive of the nature of the office to make it clear that the person holding such office is an officer of the legislative department of the state, and belongs to the class which the legislative department has the power to appoint. "But," say counsel for defendant, "there has never been and is not now, any law for the selection of the secretary of the Senate." It is true that

there is no provision of law which specifically provides for the creation of the office of "secretary of the state Senate," but we find authority for the appointment by the president of the Senate of "a secretary," whose statutory duty toward the Senate, as defined by the statute which created the office and provides for filling it, is so clearly that of a secretary of that body that there is no room for any reasonable doubt that this is the officer upon whom the Legislature intended to cast the additional duties of secretary of the State Election Board. In the catch line to the section wherein this office is provided for (section 8115, Rev. Laws 1910) the officer is described as "secretary for presiding officers," but an examination of the context of the section discloses that such officers could have been more appropriately designated in the catch line, "secretary of the state Senate" and "secretary of the House," respectively.

Having reached the foregoing conclusion, it follows that the second contention of counsel for plaintiff in error is untenable. The message of the Governor to the members of the extraordinary session of the Legislature, pursuant to section 7, art. 6, Williams' Ann. Const. Okla., is as follows:

"In my message submitted to you at the opening of this special session, I recommended the consolidation and elimination of certain local officials. Inasmuch as there has been expressed doubt on the part of some of the members of the Legislature as to whether or not this recommendation will permit the elimination of officers not specifically mentioned, I recommend to you that you pass such laws abolishing or eliminating offices and curtailing the number of appointees, assistants, and deputies in local, county and state government as in your judgment may be in the interest of greater economy and more efficiency in government."

The action of the Legislature in making the secretary of the state Senate the secretary of the State Election Board had the effect of eliminating the office of secretary of the State Election Board, as it formerly existed, and consolidating the two offices. This was clearly within the purview of the Governor's message. Whether such action was "in the interest of

greater economy and more efficiency in government" was left entirely to the judgment and sound discretion of the Legislature.

To make a *prima facie* case, the petitioner relies upon the action of the president of the Senate, as shown by its journal, in appointing him secretary of the Senate, and a commission as secretary of the State Elecion Board, issued to him by the president *pro tempore* of the Senate, who is authorized by section 1, *supra,* in cases of vacancy in the office of secretary of the State Election Board during such time as the Senate may not be in session, to appoint his successor. We think this was sufficient showing to entitle the petitioner to the relief prayed for. Immediately upon House Bill No. 119 going into effect, the secretary of the state Senate became secretary of the State Election Board, and it became the duty of the former secretary forthwith to surrender and deliver to him all books, records, papers, office furniture, and other paraphernalia belonging to said office.

The judgment of the court below is therefore affirmed.

All the Justices concur.