## STATE BOARD OF DENTAL EXAMIN-ERS et al. v. POLLOCK.

No. 17281. Opinion Filed Feb. 15, 1927.

Rehearing Denied June 21, 1927.

(Syllabus.)

### Statutes—Constitutionality Favored.

The universal rule is that acts of the Legislature will not be held invalid unless they are clearly in conflict with some constitutional provision, and that all doubt, where there is a doubt, will be resolved in favor of the constitutionality of an act.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Injunction by Leo L. Pollock against the State Board of Dental Examiners. Judgment for plaintiff, and defendants bring error. Reversed, with directions.

Geo. F Short, Atty. Gen., and Fred Hansen and Edwin Dabney, Asst. Attys. Gen., for plaintiffs in error.

Gustave A. Erixon and S. K. Bernstein, for defendant in error.

HARRISON, J. This is an appeal from an order, issued by the district court of Oklahoma county, enjoining the State Board of Dental Examiners from canceling defendant in error's certificate to practice dentistry, and involves the validity of chapter 41, S. L. 1919, now article 2, chapter 79, C. S. 1921.

The material facts are that the State Board of Dental Examiners charged defendant in, error, Dr. Leó. L. Pollock, with practicing dentistry under a certificate alleged to have been procured through fraud, and with employing an unlicensed assistant as a dental hygienist in his office, both of which are made misdemeanors by the art-

icle, and at a hearing before said board his license was revoked.

Dr. Pollock appealed from the action of the board to the appellate tribunal provided for in said act, which consists of the Attorney General and one of the Justices of the Supreme Court of the state. Said appellate tribunal affirmed the action of the Board of Dental Examiners, and thereafter Dr. Pollock petitioned the district court for an injunction against the enforcement of the judgment canceling his license, alleging the unconstitutionality of said chapter 41, S. L. 1919, and consequent lack of power of the Board of Dental Examiners to do the things which they had done.

The district court sustained his allegations and granted a permanent injunction against enforcement of said order, and the Board of Dental Examiners has appealed to this court, contending that said act, in all its provisions, is valid. and that the board had power to cancel his certificate.

The defendant in error, Dr. Pollock, contends that said act is wholly unconstitutional and void and that said Board of Dental Examiners was without power to do the things they attempted to do. Numerous provisions of said act are definitely pointed out as being unconstitutional.

If the provisions pointed out are unconstitutional, then the entire act is invalid and the Board of Dental Examiners was and is wholly' without valid existence and legal authority.

The attack being on so many of the provisions of said act has rendered it necessary to search the history of legislation upon the subject of dentistry in Oklahoma Territory and the state of Oklahoma.

We find upon examination that an act entitled, "An Act to Regulate the Practice of Dentistry within the Territory of Oklahoma," took effect in Oklahoma Territory December 25, 1890. Said act specifically created a Board of Dental Examiners, defined their duties, provided how they should be appointed and prescribed their term of office. Said act also specifically provided:

"That it shall be unlawful for any person to practice or attempt to practice dentistry or dental surgery in the territory of Oklahoma without having first received a license from the Board of Dental Examiners."

· The act then provided for the organization of the board and defined its powers and duties as to the issuance of certificates to practice and the cancellation of certificates to practice. and continued in force without

material change until 1913, when the Legislature passed a new act (Laws 1913, c. 104), purporting to cover the entire subject.

This Act of 1913 remained in force and effect until 1919, when the statute in question was enacted.

The validity of this act has never been questioned in this court, so far as we have been able to find, nor has the validity of any of the aforesaid previous acts been herein questioned, but have remained in force and have been recognized as valid and have been complied with since the adoption of the original act, effective as aforesaid December 25, 1890.

Said act is substantially the same and very similar to the statutes of Kentucky, effective May 10, 1886, which were held valid by the Supreme Court of Kentucky in Wilson v. Commonwealth, 119 Ky. 769, where substantially the same questions here presented were presented and passed upon.

In the case at bar there is no specific provision of our Constitution pointed out with which the act in question or any of its essential provisions are clearly in conflict; hence, under the universal rule that acts of the Legislature will not be held invalid unless they are clearly in conflict with some constitutional provision, and that all doubt, where there is doubt, will be resolved in favor of the constitutionality of an act of the Legislature, the statute in question will not be held void. See rule announced in: State v. Coyle, 7 Okla. Cr. 50, 122 Pac. 243; Ex parte Hunnicutt, 7 Okla. Cr. 213, 123 Pac. 179; Stout v. State ex rel. Caldwell, 36 Okla. 744, 130 Pac. 553; Dickinson v. Perry, 75 Okla. 25, 181 Pac. 504; Ledegar v. Bockhoven, 77 Okla. 58, 185 Pac. 1097; Leach v. State, 17 Okla. Cr. 322, 188 Pac. 118.

However, there are some provisions of the act which do not seem to be consistent with the real intent and plan of the Constitution, one of which is section 1 of said act, section 8701, C. S. 1921, which provides that three members of said board of five shall be chosen from a list of ten dentists, who shall be members of the State Dental Society, and be nominated by such society, the other two to be appointed by the Governor, without consulting the Dental Society. This provision, which in our opinion would not be binding upon the Governor, at least purports to make it obligatory upon the Governor, or at least leave the Governor's power to appoint three such members conditioned upon their nomination by the State Dental Society, thus vesting a society which con-

stitutes no official part of the state government with power to limit the executive authority of the Governor to appoint an official board created by law for a governmental purpose.

While such provision does not render the creation of the board clearly unconstitutional, there being no specific limitation against such appointment, yet we feel that it is appropriate to suggest that all doubt as to the validity of such provision could be removed by an amendment giving the Governor full power to appoint the entire board, at least free of any limitations imposed by an organization which constitutes no part of the official machinery of state government.

The same may be said of section 8710, Id., which provides for an appeal from the action of the Board of Dental Examiners to an appellate tribunal, consisting of the Attorney General and one Justice of the Supreme Court, whose decision on such appeal shall be final.

This provision, while not in conflict with any express limitation or provision, is at least inconsistent with the real philosophy and plan of our Constitution, which makes no provision for, nor even contemplates an appellate tribunal consisting partly of one member of the Supreme Court and the Attorney General; and is also inconsistent with the provision which constitutes the Attorney General the legal adviser of all state departments and makes it his duty to represent the state as its attorney in all proceedings in which the state is a party in the appellate courts, and this is especially true with reference to prosecution of criminal actions appealed to the Criminal Court of Appeals.

The statute in question in two separate provisions makes violations of the provision of the act a misdemeanor, to be prosecuted in the name of the state, in courts having jurisdiction in such matters, and it is not consistent with our plan of government to vest the Attorney General with final judicial powers in determining the validity of an act of the Legislature, and at the same time make it his duty to represent the state in prosecuting violations of such act.

But, as has been said in reference to section 8701, Id., all doubt as to the validity of this section, viz., 8710, C. S. 1921, could be easily removed by proper amendment, vesting appellate jurisdiction from actions of the Board of Dental Examiners in some regularly constituted judicial tribunal.

Hence, upon the whole, the regulation of

the practice of dentistry being a rightful, as well as needful, subject of legislation, and there being no express limitation nor proscription in this regard, we do not feel authorized to hold the act in question to be unconstitutional and void.

The judgment is therefore reversed, with directions to dissolve the injunction.

Reversed, with directions.

BRANSON, C. J., and PHELPS, LESTER, HUNT, and HEFNER, JJ., concur.

MASON, CLARK, and RILEY, JJ., not participating.

Note—See 12 C. J. p. 795, §222; 36 Cyc. p. 1103; 25 R. C. L. p. 1000; 3 R. C. L. Supp. p. 1437; 4 R. C. L. Supp. p. 1615; 5 R. C. L. Supp. p. 1358; 6 R. C. L. Supp. p. 1498.