## STATE ex rel. JONES et al. v. PRESSON, Judge.

No. 28426.  Feb. 26, 1938.

R. J. Roberts, Bat Shunatona, Bishop & Bishop & Seay, and R. E. Criswell, for petitioners.

Biggers & Wells, for respondent.

GIBSON, J. This is an original action wherein the petitioners seek prohibition against Honorable Otis H. Presson, as judge of the superior court of Seminole county, commanding him to desist and refrain from further proceedings in a certain criminal action pending in said court against the petitioners.

It is charged that said court is now in vacation, that the present term thereof has lapsed and that the respondent is attempting to force petitioners to trial, thus leaving them without adequate remedy as against the resultant hardships to be encountered by an illegal trial.

The regular terms of said court have previously been fixed as required by law, four terms in number, to commence, respectively, on the first Monday in January, April, July, and October. The January, 1938, term was allowed to lapse (sec. 69, O. S. 1931) by reason of the illness of the judge, who later died. He was succeeded by the respondent.

The aforesaid terms were fixed by the former judge by order entered pursuant to authority granted by section 3907, O. S. 1931, which reads as follows:

"The present judges of said courts shall serve until the second Monday in January, A. D. 1919, and the judge of said court shall, by order of record, fix the terms of said court at not less than four terms each year; Provided, that the first term of said court shall begin as soon as practicable after said court is organized under the provisions of this act."

The respondent on January 31, 1938, entered the following order:

"As required by law, it is the order of the superior court, Seminole county, that the terms of this court shall be divided into four terms each year, hereafter to be known as the February, May, August, and November terms of court; that the February term, commencing on the first Monday in February each year, the May term commencing on the first Monday in May each year, the August term, commencing on the first Monday in August and the November term commencing on the first Monday in November each year.

"It is further ordered by the court that all orders conflicting herewith be and the same are hereby revoked.

"Dated this 31st day of January, 1938.
"Otis H. Presson,
"Superior Court Judge."

And he is now seeking to bring petitioners to trial at the February term as designated in his order.

The question presented is: May the judge of the superior court of Seminole county, by order in vacation, change the terms of said court as previously fixed by his predecessor under authority of statute?

Petitioners say that an order so rendered in vacation is coram non judice, and void. Wilson v. State, 3 Okla. Cr. 714, 109 P. 289; Baker v. Newton, 27 Okla. 436, 112 P. 1034. They say the judge of a court is wholly without jurisdiction to act in chambers or in vacation unless power is conferred by the Legislature.

The power to fix terms of courts belongs to the Legislature as may be limited by the Constitution. 15 C. J. 880, sec. 5. This power may be delegated to the courts or to the judges thereof. Id. The aforesaid section, 3907, is a proper delegation of the power in question; the Constitution does not provide how terms of superior courts shall be fixed. Burks v. Walker, 25 Okla. 353, 109 P. 544. By said section the Legislature has delegated to the "judge of said court" the authority to fix the terms thereof, limited only to not less than four terms in the year. The Constitution does not prohibit such delegation of power.

We disagree with petitioners in their contention that the delegated authority, having once been exercised, is thereby exhausted. The act leaves control of terms entirely in the hands of the judge, with the exception of the minimum number thereof. Of course, his authority should so be exercised as not to deprive litigants of their substantial rights.

The Nebraska Constitution, 1875, contained the following section (26 of Article XVI):

"Until otherwise provided by law, the judges of the district court shall fix the time of holding courts in their respective districts."

The Nebraska Supreme Court, in construing this section, said:

"The counsel for the plaintiff in error contends that the power granted to the district judges by the above provision, is limited to a single exercise thereof, and becomes exhausted by user. We cannot agree with him in such construction. The language must be understood as granting a continuing power to be exercised whenever proper occasion may arise, at any time until such power be terminated by the Legislatures acting upon the matter. Otherwise what meaning can be placed upon the words of limitation, 'until otherwise provided by law.'" Candy v. State of Nebraska (Neb.) 1 N. W. 454.

Although it appears that the court there apparently laid stress on the phrase "until otherwise provided by law," this language does not seem to be controlling in the proper interpretation to be given here. The interpretation here is of a statute, not a constitutional provision. An act of the Legislature giving a court the right to fix its terms is always subject to the paramount right of the Legislature itself to supersede the court's order by its act. See Ex parte Charles Shean, 25 Ohio St. 440. Hence every act of the Legislature in such case must by implication read "Until otherwise

provided by law, the court shall fix the term," etc. So this power must be a continuing one. Furthermore, it is apparent here that the only limitation intended by the act is as to the number of terms to be held during the year, implying in a measure that the court might, on account of the exigencies or changing conditions, fix the terms at different times, so long as the limitation is observed. The order is not a judgment in the sense ordinarily meant, but is more in the nature of a rule over which the court has continuous control. There seems to be no valid reason why the power given should be considered exhaustive by the first user.

While the Legislature may withdraw the authority, it has not seen fit to do so, and the judge may continue to exercise the delegated powers until withdrawal thereof.

The writ is denied.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, HURST, and DAVISON, JJ., concur. WELCH and CORN, JJ., absent.