EMPLOYEES OF STATE SENATE — DESIGNATION OF STATUS The Legislature may abolish the distinction between permanent and temporary employees of the Oklahoma Senate as now found in 74 O.S. 292 [74-292] (1970), and authorize the President Pro Tempore to designate which employees are permanent and which ones are temporary. The pay period for employees is discretionary with the particular Legislative body. The Attorney General has considered your letter of April 28, 1971, wherein you ask the following questions: "1. May the Legislature abolish the distinction between permanent and temporary employees of the Oklahoma Senate as now found in 74 O.S. 292 [74-292] (1970), and authorize the President Pro Tempore to designate which employees are permanent and which ones are temporary? "2. Are there any constitutional requirements that the Legislature pay their employees for any specified period or is this discretionary with the particular legislative body?" Title 74 O.S. 292 [74-292] (1970), provides as follows: "The State Senate shall, during each regular or special session, provide by simple resolution for the employment of its temporary employees in such number and at such emolument not exceeding that below designated: "(Herein is listed the employees and their rate of pay.) "Beginning sixty (60) days prior to the commencement of any session and for sixty (60) days after the adjournment of any session, a President Pro Tempore of the State Senate is authorized to employ such temporary personnel, not exceeding in number or emolument than above designated, as may be necessary to insure the orderly commencement and closing of the session. "Positions created for service only during regular or special sessions and for a period beginning sixty (60) days prior to the commencement of a session and for a period of sixty (60) days after the adjournment of any session of the Legislature shall be considered temporary employment positions and those positions created and authorized for service during both regular or special session in the interim periods of time when the Legislature is not in such session shall be considered permanent employment positions and persons occupying such permanent employment positions shall serve until their successors are appointed and qualified. The positions of permanent employment within the Senate and the salaries attached thereto shall be prescribed by the President Pro Tempore of the State Senate in such manner and at such emolument not exceeding that below designated: "(Herein is listed the employees and their rate of pay.) "All employees of the State Senate shall be paid out of the State Treasury from funds appropriated by the Legislature for said purposes on warrants of the auditor issued on vouchers certified by the President Pro Tempore of the Senate or his designee. The Secretary of the State Election Board shall be secretary of the Senate and draw the salary and be allowed assistance as provided by law." The Constitution of the State of Oklahoma, Article V, Section 49, states: "The Legislature shall not increase the number or emolument of its employees, or the employees of either house, except by general law, which shall not take effect during the term at which such increase was made." The Constitution of the State of Oklahoma, ArticleV, Section 36, states: "The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever." It appears clear that the Constitution grants the authority for the Legislature to enact by general law those provisions necessary to provide for employees and their rate of pay. It is also clear that the legislative department of the State has the authority to appoint or elect its own officers and employees. In the case of Wentz v. Thomas,159 Okl. 124, 15 P.2d 65, the court stated: "In the absence of constitutional provision the method of filling offices is to be determined by the Legislature. 46 C.J. 950; 22 R.C.L. 426; Article V, Section 36 Const. "So that the power to appoint to office is not per se an executive function. 12 C.J. 836. And the Legislature, where not inhibited by the Constitution, may vest the power of appointment at its discretion. Riley v. State,43 Okl. 65, 141 P. 264. "In the cited Oklahoma case it was held: `Generally the power to select officers of the State is not an exclusive function of either the executive, legislative, or judicial branches. Primarily, the power resides in the people, and they alone are authorized to say by what instrumentality the power may be exercised." Dunbar v. Cronnin, 18 Ariz. 583, 164 P. 450; State, ex rel Standish v. Boucher, supra; State, ex rel v. Prather (N.B.), 189 N.W. 334; People v. Shawver, (Wyo.) 22 P. 29; Peo. v. McCullough, 254 Ill. 9, 98 N.E. 156; Richardson v. Young, 122 Tenn. 471, 125 S.W. 664. "But the power of election or appointment to office is a political power, not inherently legislative, executive, or judicial, but which may be vested with equal propriety in either of them, for `all political powers inherent in the people.' " Section 1, Article II, Section 1 Bill of Rights, Constitution of Oklahoma. "The Legislature represents the whole power and authority of the people, except when they have withheld or limited such power, or have conferred it upon some other department. People v. Freeman, 80 Cal. 233,13 Am. St. Rep. 122; Trav. Ins. Co. v. Oswego, 59 Fed. 58; Copps v. State, 72 Ark. 94, 105 Am. St. Rep. 17; Elliot v. McCray, 23 Id., 524, 130 P. 785." Therefore, it appears clear that the Legislature has the power of appointment to fill employment vacancies. The Oklahoma Supreme Court was concerned with the legislature's power to appoint and delegate in the case of Shaw v. Grumbine,137 Okl. 95, 278 P. 311. In that case the Court held that there was no constitutional inhibition to the Legislature hiring extra employees when the Legislature was sitting in an inquisitorial and investigating capacity. However, the Court did hold that the Legislature could not delegate to a committee the power to fix the number or emoluments of the additional employees. While discussing the applicability and effect Article V, Section 49 of the Oklahoma Constitution has on the hiring and payment of employees the Court stated: "While we have set out in this opinion numerous expressions by learned jurists relative to statutory and constitutional construction, we are of the opinion that the clearest rule announced by the authorities is found in the case of Lake County Commissioners v. Rollins, 130 U.S. 662, 32 L.Ed. 1060, wherein the Court says:" `The object of construction, applied to a Constitution, is to give effect to the intent of its framers, and of the people in adopting it. This intent is to be found in the instrument itself; and when the text of a constitutional provision is not ambiguous, the courts, in giving construction thereto, are not at liberty to search for its meaning beyond the instrument. "`To get at the thought or meaning expressed in a statute, a contract or a Constitution, the first resort, in all cases, is to the natural signification of the words, in the order of grammatical arrangement in which the framers of the instrument have placed them. If the words convey a definite meaning which involves no absurdity, nor any contradiction of other parts of the instrument, then that meaning, apparent on the fact of the instrument, must 216 be accepted, and neither the courts nor the Legislature have the right to add to it or take from it.'" Therefore, it is apparent that the Legislature may not delegate the power to provide certain positions of employment or the amount of salary to be paid for those positions. The language contained in Article V, Section 49
of the Oklahoma Constitution, supra, goes only to these two limitations. The holding in the case of Shaw v. Grumbine, supra, was also clearly confined to those two limitations. Therefore, there appears to be no limitation on the power of the Legislature to abolish the distinction between permanent and temporary employees, or the authority to delegate to the President Pro Tempore the power to designate which employees are permanent and which ones are temporary. However, this is the case only as long as that delegation does not give the President Pro Tempore of the Senate the power to create new positions not created by the Legislature or the amount of salary which is also solely within the province of the Legislature in their general law making capacity. It is also apparent that there are no constitutional requirements that the employees be paid for a specified pay period. There being no specific prohibition, it appears that this would be discretionary with the Legislature. As stated in the case of Shaw v. Grumbine, supra, the Court held: "The universal rule is that the acts of the Legislature will not be held invalid unless they are clearly in conflict with some constitutional provision, and that all doubt, where there is a doubt, will be resolved in favor of the constitutionality of an act. State Board of Dental Examiners v. Pollock, 125 Okl. 170, 256 P. 927." It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative, in that the Legislature may abolish the distinction between permanent and temporary employees and authorize the President Pro Tempore of the Senate to designate which of those employees are to be permanent and which ones are to be temporary. It is further the opinion of the Attorney General that your second question be answered in the negative in that there is no constitutional requirement regarding pay periods. It is therefore discretionary with the Legislature to designate the pay periods for their employees. (Robert H. Mitchell)