STATE DENTAL ACT — CONSTITUTIONALITY The regulation of the practice of dentistry is a rightful, proper and needful subject of legislation, and said Act is within the scope of legislative authority. "The State Dental Act", 59 O.S. 328.1 [59-328.1] — 59 O.S. 328.50 [59-328.50] [59-328.50] (1971), is constitutional. The Board of Governors of the Registered Dentists of Oklahoma under the provisions of 59 O.S. 328.15 [59-328.15] (1971), has the authority to provide for the procedure of review involving matters unrelated to disciplinary matters. However, this authority does not extend to establishing provisions for judicial review and, in absence of the Legislature so providing, judicial review is provided for under the provisions of the Administrative Procedures Act, at 75 O.S. 301 [75-301] (1971) et seq. The Board of Governors of the Registered Dentists of Oklahoma does not have the authority to limit the number of cities or towns a dentist or orthodontist may have a listing in the yellow pages of the telephone directory. The Board of Governors of the Registered Dentists of Oklahoma does not have the authority to promulgate rules and regulations which limit the number of offices a dentist or orthodontist may have in the State of Oklahoma. The Board of Governors of the Registered Dentists of Oklahoma does not have the authority to promulgate rules and regulations requiring a dentist or orthodontist to maintain a home office wherein he spends a majority of his professional time. The Board of Governors of the Registered Dentists of Oklahoma does have the authority to limit the number of times a dentist or orthodontist must personally appear in any given office within a specified period of time. The Attorney General has considered your request for an opinion wherein you ask the following questions: "(1) Is 'The State Dental Act,' as set forth in Chapter 7 of Title 59 of the Oklahoma Statutes, constitutional? "(2) Is there judicial review of the actions of the Board of Governors of the Registered Dentists of Oklahoma pursuant to the State Dental Act other than in disciplinary instances? "(3) Does the Board of Governors of the Registered Dentists of Oklahoma have the authority to limit the number of cities and towns in Oklahoma wherein a dentist or orthodontist may have a listing in the yellow pages of that city's telephone book? "(4) Does the Board of Governors of the Registered Dentists of Oklahoma have the authority to promulgate rules and regulations which limit the number of offices a dentist or orthodontist may have in the State of Oklahoma? "(5) Does the Board of Governors of the Registered Dentists of Oklahoma have the authority to promulgate rules and regulations which require that a dentist or orthodontist maintain a home office wherein he spends a majority of his professional time? "(6) Does the Board of Governors of the Registered Dentists of Oklahoma have the authority to promulgate rules and regulations requiring the number of times a dentist or orthodontist must personally appear in any given office within a specified period of time?" In considering your first question regarding the constitutionality of "The State Dental Act", cited at 59 O.S. 328.1 [59-328.1] (1971) et seq., the public policy of the State regarding the practice of dentistry in the State of Oklahoma as contained in the "Declarations", at Section 59 O.S. 328.2 [59-328.2], is helpful: "The practice of dentistry in the State of Oklahoma is hereby declared to affect the public health, safety and general welfare and to be subject to regulation and control in the public's best interest. It is further declared to be a matter of public interest and concern that the dental profession, through advancement and achievement, merits and receives the confidence of the public and that only properly qualified dentists be permitted to practice dentistry and supervise dental assistants and/or dental nurses in the State of Oklahoma. All provisions of this act relating to the practice of dentistry, the practice of dental hygiene, the procedures performed by dental assistants and/or dental nurses, and the fabrication of dental appliances in dental laboratories by dental laboratory technicians shall be liberally construed to carry out these objects and purposes." The right of the Legislature to regulate occupations and professions for the benefit and protection of the lives, health safety and welfare of its people is well established. Burger v. Richards, Okl., 380 P.2d 687; Polk v. Oklahoma Alcohol Beverage Control Board, Okl.,420 P.2d 520. Moreover, the Legislature may, in proper exercise of the police power, define and declare what is deemed injurious to public health, morals, safety and general welfare. Semke v. State Ex Rel. Okl. Motor Vehicle Commission, Okl., 465 P.2d 441. The regulation of the practice of dentistry is constitutionally permissible under the police power if such regulation reasonably relates and affects the public health, safety and welfare. See Toole v. Michigan State Board of Dentistry,11 N.W.2d 229; and Dixon v. Zick, Colo., 500 P.2d 130. In the case of Graves v. Minnesota, 272 U.S. 425, 71 L.Ed. 331,47 S.Ct. 122, citing as authority Dent v. West Virginia,129 U.S. 114, 122, 32 L.Ed. 623, 626, 9 S.Ct.Rptr. 231, it is set forth that: "The power of the State to provide for the general welfare of its people authorizes it to prescribe all such regulations as, in its judgment, will secure or tend to secure them against the consequences of ignorance and incapacity as well as of deception and fraud. As one means to this end it has been the practice of different states, from time immemorial, to exact in many pursuits a certain degree of skill and learning upon which the community may confidently rely, their possession being generally ascertained upon an examination of parties by competent persons, or inferred from a certificate to them in the form of a diploma or license from an institution established for instruction on the subjects, scientific and otherwise, with which such pursuits have to deal. The nature and extent of the qualifications required must depend primarily upon the judgment of the State as to their necessity. " See also, Semler v. Oregon State Bd. of Dental Examiners, 294 U.S. 608, 55 S.Ct. 570, relating that a state may prescribe qualifications that are reasonably necessary to regulate the practice of dentistry. "The State Dental Act" was in part upheld as constitutional in the case of State Board of Dental Examiners v. Pollock, 256 P. 927, 125 Okl. 170, which provided in the Syllabus: "The universal rule is that acts of the legislature will not be held invalid unless they are clearly in conflict with some constitutional provision, and that all doubt, where there is a doubt, will be resolved in favor of the constitutionality of an act." See also Thrasher v. Board of Governors, Okl.,359 P.2d 717, relating to and upholding the constitutionality of "The State Dental Act." Likewise, it is well established in Oklahoma law that statutes are presumed constitutional. Newman v. Ardmore Rod and Gun Club,125 P.2d 191, 190 Okl. 470; Hewett v. State, 252 P. 1109,36 Okl. Cr. 157. Based on the foregoing, "The State Dental Act" is constitutional. The regulation of the practice of dentistry is a rightful, proper, and needful subject of legislation, and said act is within the scope of legislative authority. In reply to your second question regarding judicial review of the actions of the Board of Governors of the Registered Dentists of Oklahoma, this question ultimately involves the scope and applicability of 59 O.S. 1971 328.1 [59-328.1] et seq., creating, controlling and regulating the practice of dentistry in Oklahoma. Under the provisions of Section 59 O.S. 328.15 [59-328.15], the Board of Governors has the authority to provide for the procedure of review involving matters unrelated to disciplinary instances. However, this authority does not extend to establishing provisions for judicial review and, in absence of the Legislature so providing, judicial review is provided for under the provisions of the Oklahoma Administrative Procedures Act, at 75 O.S. 301 [75-301] (1971) et seq. A proper party aggrieved or adversely affected by a final order of the Board of Governors may proceed under the provisions of such Act. Regarding your third question of whether the Board of Governors has the authority to limit the number of cities and towns in Oklahoma wherein a dentist or orthodontist may have a listing in the yellow pages of that city's telephone book, our response to your fourth question is dispositive of the third, fifth, and sixth questions of your opinion request. As to your fourth question of whether the Board of Governors of the Registered Dentists has the authority to promulgate rules and regulations which limit the number of offices a dentist or orthodontist may have in the State, a review of the State Dental Act is instructive on this matter as any such authority to so promulgate rules to that effect must be within the confines of statutory authority. Title 59 O.S. 328.30 [59-328.30] (1971) provides materially: "Every licensed and registered dentist and certified dental hygienist actively engaged in the practice of dentistry or dental hygiene in this State shall register his license to practice dentistry or certificate of ability to practice dental hygiene in the office of the County Clerk of each county wherein such member is practicing within thirty (30) days after locating in such county; and shall also display his license or certificate of ability and the annual renewal certificate hereinafter provided for in his office or place of employment." Also relevant is 59 O.S. 328.31 [59-328.31] (1971), which in pertinent part allows dentists to practice dentistry one or more days of a given week or month in different locations. Although the Board has authority to promulgate rules and regulations under the authority of Section 59 O.S. 328.15 [59-328.15], it should be emphasized that any such rules or regulations promulgated by an administrative body charged with the responsibility of implementing a legislative act to be valid, must be within the course, scope and objects of statutory delegation of authority which underlines the regulation. See Dixon v. Zick, Colo., 500 P.2d 130. Thus, the legislative enactment creating the State Dental Act which is the source of the Board's rule and regulation making power, placed no limitation nor evidenced an intent to limit the number of offices a dentist or orthodontist may have in the State of Oklahoma. Any such regulation involving a limitation on the number of offices a dentist or orthodontist may have in the State by the Board without the proper delegation of authority by the Legislature would constitute an improper assumption of legislative power by an administrative body. See Small v. Maine Board of Registration and Examination in Optometry, Me.,293 A.2d 786. The general delegation of powers conferred on the Board by the Legislature under the provisions of 59 O.S. 328.15 [59-328.15] (1971) to promulgate rules and regulations to carry out the provisions of this Act as it deems necessary and proper to protect the dental health of the public does not include the powers to administratively legislate prohibitions which are specifically allowed or contemplated by the enacting statute. For instructive guidelines relative to statutory regulation and to an extent relevant herein in the broad context, see 1 Am.Jur. 2d 903, 913, 105 and 113, which are partially paraphrased and in part quoted: "From the constitutional prohibition of the delegation of legislative powers, two fundamental concepts emerge: '(1) the legislature may not confer a discretion as to what the law shall be but it may confer discretion in the execution or administration of the law; and (2) the legislature must declare a policy and fix a standard in enacting a statute conferring discretionary power upon an administrative agency, but the agency may be authorized to "fill up the details" in promoting the purposes of the legislation and carrying it into effect.' "In order to avoid an unlawful delegation of power, the legislative authority must declare the policy or purpose of the law and, as a general rule, must also fix the legal principles which are to control in given cases by setting up standards or guides to indicate the extent, and prescribe the limits, of the discretion which may be exercised under the statute or ordinance by the administrative agency. Otherwise, the law may be construed as vesting an uncontrolled discretion and held to violate the inhibition against delegation of legislative powers." There is an absence of proper statutory authority and therefore, the Board of Governors of the Registered Dentists of Oklahoma does not have the authority to promulgate rules and regulations limiting the number of offices a dentist or orthodontist may have in the State of Oklahoma. As to your third question, the above reasoning in response to your fourth question compels the conclusion that the response must be in the negative in that in absence of proper delegation of legislative power regarding the authority to limit the number of cities or towns a dentist or orthodontist may have a listing in the yellow pages, any such regulation from the Board would not be proper administrative implementation of legislative policy. Assumed, of course, is that the dentist or orthodontist has an office in the city or town wherein he has a listing in the yellow pages of that city. Likewise, your fifth and sixth questions must be answered in the negative and have been previously answered by our response to your fourth question in that in absence of specific statutory authority, the Board is without power to affirmatively legislate regarding the matters raised in your fifth and sixth questions. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Your first question is answered in the affirmative. The regulation of the practice of dentistry is a rightful, proper and needful subject of legislation, and said Act is within the scope of legislative authority. "The State Dental Act", 59 O.S. 328.1 [59-328.1] — 59 O.S. 328.50 [59-328.50] (1971), is constitutional. With respect to your second question, the Board of Governors of the Registered Dentists of Oklahoma under the provisions of 59 O.S. 328.15 [59-328.15] (1971), has the authority to provide for the procedure of review involving matters unrelated to disciplinary matters. However, this authority does not extend to establishing provisions for judicial review and, in absence of the Legislature so providing, judicial review is provided for under the provisions of the Administrative Procedures Act, at 75 O.S. 301 [75-301] (1971) et seq. Your third question is answered in the negative. The Board of Governors of the Registered Dentists of Oklahoma does not have the authority to limit the number of cities or towns a dentist or orthodontist may have a listing in the yellow pages of the telephone directory. Your fourth question is answered in the negative. The Board of Governors of the Registered Dentists of Oklahoma does not have the authority to promulgate rules and regulations which limit the number of offices a dentist or orthodontist may have in the State of Oklahoma. Your fifth question is answered in the negative. The Board of Governors of the Registered Dentists of Oklahoma does not have the authority to promulgate rules and regulations requiring a dentist or orthodontist to maintain a home office wherein he spends a majority of his professional time. Your sixth question is answered in the negative. The Board of Governors of the Registered Dentists of Oklahoma does not have the authority to limit the number of times a dentist or orthodontist must personally appear in any given office within a specified period of time. (Nathan J. Gigger)