Question Submitted by: The Honorable Tom Gann, Oklahoma State Representative, District 8
2017 OK AG 7
Decided: 08/07/2017
Oklahoma Attorney General Opinions

Cite as: 2017 OK AG 7, __ __

 
¶0 This office has received your request for an Official Attorney General Opinion in which you ask, in effect, the following questions:
1. May the State Board of Education authorize the formation of a charter school in cases where a local school district has rejected the proposed charter school's application?
2. If the State Board of Education authorizes a charter school despite rejection of the proposed charter school's application by the local school district, has the State Board of Education set a precedent for all future charter school applications?
3. Is the procedure for appointing State Board of Education members, as set forth in 70 O.S.2011, § 3-101, an unconstitutional centralization of power in the executive branch of state government?
I.
Sponsorship of Charter Schools
¶1 In 1999, the Oklahoma legislature amended the Oklahoma School Code of 1971 to add the Oklahoma Charter Schools Act, codified at 70 O.S.2011 & Supp.2016, §§ 3-130 - 3-167 (the "Act"). The purposes of the Act are to, among other things, increase learning opportunities for students, encourage alternative teaching methods, provide additional academic choices, and establish new forms of school accountability. 70 O.S.2011, § 3-131(A).
¶2 The Act defines a charter school as:
[A] public school established by contract with a board of education of a school district, an area vocational-technical school district, a higher education institution, a federally recognized Indian tribe, or the State Board of Education pursuant to the Oklahoma Charter Schools Act to provide learning that will improve student achievement and as defined in the Elementary and Secondary Education Act of 1965, 20 U.S.C. 8065. 
70 O.S.Supp.2016, § 3-132(D). The Act requires a charter school to be "sponsored" by one of several listed entities. Id. § 3-132(A). Originally, only a local school board or an area vocational school district could sponsor a charter school, and charter schools were permitted only in districts with average daily membership of 5,000 or more students and counties with 500,000 or more residents. See 1999 Okla. Sess. Laws ch. 320, § 7. In 2010, the Act was amended to permit the State Board of Education (the "Board") to sponsor a charter school operated by the State Office of Juvenile Affairs for students in State custody. See 2010 Okla. Sess. Laws ch. 288, § 1. A 2015 amendment then eliminated the Act's membership and population requirements for charter schools being sponsored by a local school district and expanded the circumstances under which the Board may sponsor charter schools. See 2015 Okla. Sess. Laws ch. 170, § 1.
A. Charter School Sponsorship by the State Board of Education.
¶3 In your first question, you ask whether the Board may sponsor a charter school in cases where a local school district has rejected the proposed charter school's application. This situation is addressed by the 2015 amendment to the Act. See 2015 Okla. Sess. Laws ch. 170, § 1. Specifically, the Act now permits the Board to sponsor a charter school applicant that was denied sponsorship by the school district in which the charter school seeks to operate. 70 O.S.Supp.2016, § 3-132(A)(9).[1] However, Board sponsorship in these circumstances is subject to certain limitations.
¶4 Before the Board may sponsor a charter school under Section 3-132(A)(9), the application must have been denied by the local school district when initially submitted and again upon reconsideration. See 70 O.S.Supp.2016, § 3-134(E). Once denied upon reconsideration by the local school district, "the applicant may appeal the decision to the State Board of Education[2] with the revised application for review pursuant to [Section 3-132(A)(9)][3]." Id.; see also OAC 210:40-87-5(e) ("[A]n applicant that has been denied a charter by the local school district in which it seeks to operate shall be eligible to appeal to [the Board]."). Under Section 3-132(A)(9), the Board may grant the "appeal" only when it "find[s] evidence" that (1) the application is "thorough and high quality" under the Act's standards, (2) the community clearly supports the charter school, and (3) the school district's reasons for denial "are not supported by the greater weight of the evidence and the strength of the application." 70 O.S.Supp.2016, § 3-132(A)(9); see also OAC 210:40-87-8(e). If the "appeal" is granted, the Board itself will sponsor the charter school, subject to certain limitations on the number and locations of Board-sponsored schools. 70 O.S.Supp.2016, § 3-132(A)(9); see also OAC 210:40-87-8(a).
B. Precedential Effect of Decisions by the State Board of Education.
¶5 Your second question is whether the Board's sponsorship of a charter school after the school's application has been denied by a local school district carries any precedential effect. In our opinion, it does not.
¶6 As used in your request, the term "precedent" has a similar meaning in both legal and common usage. For instance, in common usage, "precedent" is defined as "something done or said that may serve as an example or rule to authorize or justify a subsequent act of the same or an analogous kind." Webster's Third New International Dictionary 1783 (3rd ed. 2002). Under the legal definition "precedent" refers to "[a] decided case that furnishes a basis for determining later cases involving similar facts or issues." Black's Law Dictionary 957 (7th ed. 2000). As a rule, courts typically follow precedential rulings. See, e.g., Rodgers v. Higgins, 1993 OK 45, ¶ 28, 871 P.2d 398, 412 ("Unless precedents are 'palpably bad,' judicial surgery in upsetting them must be avoided."). In regard to actions taken by a state agency, at least some may have a precedential effect. See, e.g., 75 O.S.2011, § 302(C) (requiring agencies that "issue[] precedent-setting orders" to index all such orders that they "intend[] to rely on as precedent").
¶7 In considering appeals under the Act, the Board does not issue an order, but rather accepts or declines sponsorship of the charter school. See, e.g., OAC 210:40-87-8. The Board may sponsor a charter school only upon a showing of certain factual elements. See 70 O.S.Supp.2016, § 3-134(E). Each appeal will necessarily turn on the specific and unique facts applicable to the charter school, the community's desire for a charter school, and the local school district's stated reasons for denial. See id. § 3-132(A)(9). Thus, the Board's decision to sponsor or decline sponsorship of an individual charter school will depend on unique facts presented by the application. While the Board may look to previous sponsorships to guide its decision-making in future appeals, a single sponsorship does not have a precedential effect for future applicants. Each application must be decided by weighing the facts as outlined in the Act.
II.
Membership of the State Board of Education
¶8 Your third question asks whether the appointment process for State Board of Education members is consistent with the Oklahoma Constitution. Your question does not point to any particular constitutional provision, but instead implies that the method of appointment may be an unconstitutional consolidation or enlargement of executive power under the separation of powers doctrine. We find no such constitutional infirmity.
¶9 Under the State Constitution the power of government is "divided into three separate departments: The legislative, executive, and judicial; and except as provided in this Constitution, the legislative, executive, and judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others." Okla. Const. art. IV, § 1. "Generally the power to select officers of the state is not an exclusive function of either the executive, legislative, or judicial branches. Primarily, the power resides in the people, and they alone are authorized to say by what instrumentality the power may be exercised." Riley v. State, 1914 OK 251, ¶ 5, 141 P. 264, 265.
¶10 Though the law does not rest the appointment of officers exclusively in any particular branch of government, the default under our Constitution is that "[t]he Governor shall commission all officers not otherwise commissioned by law." Okla. Const. art. VI, § 13; see also Riley, 1914 OK 251, ¶ 5, 141 P. at 265 ("[U]nder our Constitution and laws, the duty of commissioning public officers mainly devolves upon the Governor...[due to] the fact that there are a great many 'officers not otherwise commissioned by law[.]'" (quoting Okla. Const. art. VI, § 13)). Thus, the authority to appoint state officials is vested in the Governor and the Governor retains this authority unless the Constitution or the Legislature prescribes a different method of appointment.
¶11 In the case of the Board of Education, the Constitution has prescribed a method for appointing Board members. Article XIII, Section 5, provides as follows:
The supervision of instruction in the public schools shall be vested in a Board of Education, whose powers and duties shall be prescribed by law. The Superintendent of Public Instruction shall be President of the Board. Until otherwise provided by law, the Governor, Secretary of State, and Attorney General shall be ex-officio members, and with the Superintendent, compose said Board of Education.
Okla. Const. art. XIII, § 5 (emphasis added). The phrase "until otherwise provided by law" indicates that the Constitution permits the Legislature to modify the Board's membership. Indeed, that phrase "'must be understood as granting a continuing power to be exercised whenever proper occasion may arise, at any time until such power be terminated by the legislatures acting upon the matter.'" State ex rel. Jones v. Presson, 1938 OK 120, ¶ 11, 77 P.2d 38, 39 (quoting Candy v. State of Nebraska, 1 N.W. 454, 455 (Neb. 1879)); see also State ex rel. Nesbitt v. Ford, 1967 OK 186, ¶ 15, 434 P.2d 934, 938 (construing Okla. Const. art. X, § 6, which exempts certain real property from taxation "until otherwise provided by law," as "authoriz[ing] the Legislature to reduce or eliminate the exemption").
¶12 The Legislature subsequently enacted the School Code of 1971, which provided that the Board shall be made up of seven members: the Superintendent plus six additional members nominated by the Governor and confirmed by the Senate. See 1971 Okla. Sess. Laws ch. 281, § 3-101 (codified at 70 O.S.2011, § 3-101). That provision has been amended several times since 1971, but the appointment of Board members by gubernatorial nomination with consent of the Senate has remained. See 1989 Okla. Sess. Laws ch. 2, § 40 (requiring that Governor appoint one member from each congressional district in the State); 2011 Okla. Sess. Laws ch. 316, § 1 (providing that the Board members serve at the pleasure of the Governor).
¶13 The Constitution created the State Board of Education and authorized the Legislature to determine how Board members should be appointed. Under this authority, the Legislature gave the Governor restricted appointing authority and has, effectively, authorized the Governor to remove members for any reason. Further, the Legislature has reserved to the Senate the duty of advice and consent on the Governor's nominees. We have located no constitutional provisions that limit the Governor's ability to appoint the members of constitutional boards, and, in fact, the Supreme Court has recognized the Legislature's ability to permit the Governor to appoint members of other agencies with the Senate's consent. See Wentz v. Thomas, 1932 OK 636, 15 P.2d 65 (Governor appoints highway commissioners with advice and consent of the Senate); Keating v. Edmondson, 2001 OK 110, 37 P.3d 882 (Governor appoints cabinet with advice and consent of the Senate); Hall v. Tirey, 1972 OK 118, 501 P.2d 496 (Governor appoints Board of Property and Casualty Rates with advice and consent of the Senate).

¶14 It is, therefore, the Official Opinion of the Attorney General that:
1. A charter school may be sponsored by the State Board of Education after (i) a local school district has denied the school's application upon initial submission and reconsideration, see 70 O.S.Supp.2016, § 3-134(E), and (ii) the Board has made the factual findings required under 70 O.S.Supp.2016, § 3-132(A)(9). Any such sponsorship is also subject to the limitations on the number and locations of Board-sponsored schools set forth in 70 O.S.Supp.2016, § 3-132(A)(9).
2. Each "appeal" to the State Board of Education pursuant to 70 O.S.Supp.2016, § 3-134(E), in which an applicant requests Board sponsorship of a charter school, must be decided on its own set of facts pursuant to the requirements of 70 O.S.Supp.2016, § 3-132(A)(9). Thus, the Board's decision to sponsor one charter school does not have a precedential effect.
3. The method of appointing members of the State Board of Education under 70 O.S.2011, § 3-101 is constitutionally permissible pursuant to Okla. Const. art. XIII, § 5.

Mike Hunter
Attorney General of Oklahoma
M. Daniel Weitman
Assistant Attorney General
FOOTNOTES
[1] After the 2015 amendment, this provision was codified in Title 70, Section 3-132(A)(8). See 2015 Okla. Sess. Laws ch. 170, § 1. Section 3-132 was then further amended by multiple enactments in 2016. One such enactment moved the provision to subparagraph (A)(9) of that Section, see 2016 Okla. Sess. Laws ch. 210, § 42, but it remained in subparagraph (A)(8) in the other. See id. ch. 27 § 1. In the 2017 session, the competing enactments were reconciled and the provision at issue now appears at Title 70, Section 3-132(A)(9). See 2017 Okla. Sess. Laws ch. 49, § 29 (effective Aug. 25, 2017).
[2] In the legal sense, use of the word "appeal" in Section 3-134(E) might suggest that the Board can reverse a decision of the local school district. See Black's Law Dictionary 74 (7th ed. 2000) (defining appeal as "the submission of a lower court's or agency's decision to a higher court for review and possible reversal"). However, this understanding does not comport with the Act as a whole. Specifically, the plain language of the Act provides that a successful "appeal" will result in sponsorship by the Board, not a reversal of the local school district's decision to decline sponsorship. See 70 O.S.Supp.2016, § 3-132(A)(9); see also OAC 210:40-87-8. Moreover, the Act sets forth an appeal process via binding arbitration for applicants that are denied sponsorship by entities other than local school districts, and explicitly contrasts the process for applicants denied sponsorship by a school district. See 70 O.S.Supp.2016, § 3-134(G). Accordingly, the term "appeal" in Section 3-134(E) is used not in a legal sense, but rather as an indication that an aggrieved applicant has the general right to further proceedings that may result in the Board's sponsorship of the charter school. See 25 O.S.2011, § 1 ("Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears[.]" (emphasis added)).
[3] The current version of Title 70, Section 3-134(E) references the "appeal" process set forth in Section 3-132(A)(8). However, as explained in footnote 1 supra, that process is now under subparagraph (A)(9) of that Section. See 2017 Okla. Sess. Laws ch. 49, § 29 (effective Aug. 25, 2017).

 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1914 OK 251, 141 P. 264, 43 Okla. 65, 
RILEY v. STATE ex rel. McDANIEL.
Discussed at Length

 
1993 OK 45, 871 P.2d 398, 64 OBJ 1255, 
Rodgers v. Higgins
Discussed

 
1938 OK 120, 77 P.2d 38, 182 Okla. 147, 
STATE ex rel. JONES v. PRESSON
Discussed

 
2001 OK 110, 37 P.3d 882, 72 OBJ 3672, 
KEATING v. EDMONDSON
Discussed

 
1932 OK 636, 15 P.2d 65, 159 Okla. 124, 
WENTZ v. THOMAS.
Discussed

 
1967 OK 186, 434 P.2d 934, 
STATE v. FORD
Discussed

 
1972 OK 118, 501 P.2d 496, 
HALL v. TIREY
Discussed

Title 25. Definitions and General Provisions

 
Cite
Name
Level

 
25 O.S. 1, 
Meaning of Words
Cited

Title 70. Schools

 
Cite
Name
Level

 
70 O.S. 3-130, 
Short Title
Cited

 
70 O.S. 3-131, 
Purpose
Cited

 
70 O.S. 3-132, 
Application of Oklahoma Charter Schools Act
Discussed at Length

 
70 O.S. 3-134, 
Sponsor Proposal
Discussed at Length

 
70 O.S. 3-101, 
State Board of Education - Members - Terms
Discussed at Length

Title 75. Statutes and Reports

 
Cite
Name
Level

 
75 O.S. 302, 
Promulgation of Certain Rules - Public Inspection of Rules, Orders, Decisions and Opinions - Rulemaking Record - Prohibited Actions - Violations
Cited